**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL J. NELSON,

        Plaintiff-Appellant,

v.

THE BOEING COMPANY,

        Defendant-Appellee.

No. 05-3156

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. 03-CV-1280-MLB)**

Submitted on the briefs. *

Lawrence W. Williamson, Jr. of Shores Williamson and Ohaebosim, LLC, Wichita, Kansas for Plaintiff-Appellant.

Timothy B. Mustaine and Jeff P. DeGraffenreid of Foulston Siefkin LLP, Wichita, Kansas for Defendant-Appellee.

Before **McCONNELL**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

**McCONNELL**, Circuit Judge.

---

   * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial. *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). If a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney. *Id.* at 735-36; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962). Recognizing this rule, Plaintiff-Appellant Michael J. Nelson asks this Court to craft an exception for Title VII plaintiffs based on the language of 42 U.S.C. § 2000e-5(f)(1). He further claims that because his trial counsel was ineffective, we should reverse the district court's grant of summary judgment in favor of the Defendant-Appellee, The Boeing Company ("Boeing"). We conclude that Title VII does not create a statutory right to the effective assistance of counsel, and **AFFIRM** the district court's decision.

## I. Background

Mr. Nelson, an engineer of Iranian descent, was employed by Boeing from 1996 until he was laid off in 2002 as part of a reduction in force. He filed this lawsuit in 2003, asserting that Boeing discriminated against him on the basis of his race, national origin, sex, and disability, and in retaliation for previous complaints about harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and similar Kansas statutes. After filing this lawsuit, Mr. Nelson filed a motion to proceed *in forma pauperis* and for appointment of counsel. The district court granted Mr. Nelson's motion to proceed *in forma pauperis* but denied his request for appointed counsel.

Mr. Nelson ultimately retained counsel and was represented throughout the proceedings before the district court. However, Mr. Nelson claims that his attorney never propounded discovery on Boeing, even though Boeing served discovery requests on Mr. Nelson. On October 22, 2004, Boeing filed a motion for summary judgment. Mr. Nelson's counsel filed a brief response citing few cases. The district court entered summary judgment in favor of Boeing on March 1, 2005. Represented by new counsel, Mr. Nelson filed a timely appeal, claiming that he is entitled to reversal because his counsel rendered ineffective assistance.

## II. Discussion

Although every client who engages a lawyer has a right of effective assistance of counsel in the sense that legal services falling below acceptable professional standards may give rise to tort liability, the term "effective assistance of counsel" is generally reserved for contexts in which the lawyer's deficient performance provides a basis for reversal on appeal or collateral review. In criminal cases, the Supreme Court has found that right implicit in the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall

enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI; *see Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). In civil cases, the right can arise from the Due Process Clause of the Fifth Amendment, but the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases. *See Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 381-82 (3d Cir. 2003) ("[A]liens, like criminal defendants and unlike the parties in normal civil disputes, may obtain relief from the ineffective assistance of counsel"); *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (noting that aliens have a right to effective assistance of counsel under the Due Process Clause because deportation proceedings implicate an alien's liberty interest). Mr. Nelson does not argue that the Due Process Clause guarantees Title VII plaintiffs the right to the effective assistance of counsel, but instead contends that such a right is embodied in Title VII itself. We disagree.

Title VII grants litigants a statutory right to request appointed counsel at court expense. The statute provides, in pertinent part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e-5(f)(1). Mr. Nelson claims that this statutory right to request appointment of counsel creates a corresponding statutory right to the effective

-4-

assistance of counsel analogous to that arising from the Sixth Amendment. Citing *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970), he argues that "the right to counsel is the right to the effective assistance of counsel."

Mr. Nelson's argument, however, misses important differences between Title VII and the Sixth Amendment. The right to counsel, and to the effective assistance of counsel, is critical in criminal cases because of the grave and irremediable consequences of a criminal conviction. *See Powell v. Alabama*, 287 U.S. 45, 69 (1932) (noting that without effective legal representation, a defendant "faces the danger of conviction"). Similar concerns, based on the "exceptional life-altering character of immigration proceedings," explain the extension of the right to the immigration context. *Ponce-Leiva*, 331 F.3d at 381; *see Bridges v. Wixon*, 326 U.S. 135, 154 (1945).

By contrast, the Supreme Court has repeatedly held civil litigants "accountable for the acts and omissions of their chosen counsel," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993), and has declined to "visit[] the sins of [a] plaintiff's lawyer upon the defendant," *Link*, 370 U.S. at 634 n.10. It does not disparage the importance of rights protected by Title VII to recognize that the consequences of bad lawyering in a Title VII case are less grave than wrongful incarceration or deportation. Moreover, a Title VII plaintiff who loses because his attorney's performance was deficient can file a

legal malpractice lawsuit to recoup the damages he would have been awarded in the Title VII case, including damages to compensate him for the loss of equitable relief such as reinstatement. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000); *Sanchez v. U. S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam). A legal malpractice award, however, cannot release a convicted defendant from jail or absolve him of the stigma of a criminal conviction, nor can it enable an alien to remain in the United States. These are more than just differences in degree.

Mr. Nelson argues, in effect, that Title VII's provision for appointed counsel must logically entail a right to "effective assistance" of counsel. But this argument would swallow the rule that parties are responsible for the acts of their attorneys. Under 28 U.S.C. § 1915(e)(1), district courts have general authority to appoint counsel for indigent litigants; yet no one would argue this means that deficient legal representation should be a basis for reversal on appeal in all civil cases. To be sure, the right to request counsel under Title VII extends to a broader class of litigants. Unlike § 1915(e)(1), § 2000e-5(f)(1) is not limited to those "unable to afford counsel." But Congress's decision to make appointed counsel available, in the discretion of the court, to a wider class of litigants does not imply that Congress intended to abrogate the long-standing principle of not recognizing a right to the effective assistance of counsel in civil cases. If

Congress had intended to extend an equivalent of the Sixth Amendment guarantee of effective assistance of counsel to Title VII cases, upending the ordinary rule in civil cases, Congress would have done so in far more explicit terms.

The inclusion of a specific right to request counsel does evince "Congress's 'special . . . concern with legal representation in Title VII actions.'" *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (quoting *Jenkins v. Chem. Bank*, 721 F.3d 876, 879 (2d Cir. 1983)). However, Congress was not so concerned as to create an actual right to appointed counsel in Title VII cases. *See id.* at 1420 ("A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel."). The Sixth Amendment guarantees the right to counsel in criminal cases and withholds from courts "the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel." *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938). Title VII, by contrast, does not create a right to appointed counsel, even for the indigent, but solely the right to request it. *Castner,* 979 F.2d at 1420. District courts have broad discretion to decide whether to appoint counsel or to require a Title VII litigant to retain private counsel or proceed *pro se*. *Id.* By leaving the appointment of counsel to the discretion of the court, Congress contemplated that some plaintiffs would have to represent themselves. It is hard to imagine that

Congress intended to create a right to effective assistance of counsel when it understood that many Title VII plaintiffs would have no counsel at all.

As noted above, this holding does not leave a Title VII plaintiff without recourse. If Mr. Nelson's attorney mishandled his case, he may have a remedy against his attorney in the form of a legal malpractice lawsuit. Mr. Nelson's remedy, however, is not against Boeing and cannot take the form of reversing the district court's grant of summary judgment.

For the foregoing reasons, we **AFFIRM** the decision of the district court.