NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1057

DR. AJAY SINGHAL,

Plaintiff-Appellant,

v.

MENTOR GRAPHICS CORPORATION,

Defendant-Appellee.

Dr. Ajay Singhal, of Los Altos, California, pro se.

Matthew C. Phillips, Stoel Rives LLP, of Portland, Oregon, for defendant-appellee.

Appealed from:  United States District Court for the Northern District of California

Judge James Larson

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1057

DR. AJAY SINGHAL

Plaintiff-Appellant,

v.

MENTOR GRAPHICS CORPORATION,

Defendant-Appellee.

———————————————

DECIDED: May 6, 2009

———————————————

Appeal from the United States District Court for the Northern District of California in case no. 07-CV-1587, Judge James Larson.

Before MAYER, FRIEDMAN, and RADER, Circuit Judges.

RADER, Circuit Judge.

The United States District Court for the Northern District of California dismissed this case in favor of Mentor Graphics Corporation ("Mentor") and against Dr. Ajay Singhal's ("Dr. Singhal's") co-inventorship action. Final Judgment, No. C07-01587-JL (N.D. Cal., filed Sept. 22, 2008). Dr. Singhal appeals the final judgment that he is not an inventor of the subject matter in U.S. Patent Application No. 10/827,990 ("the '990 Application"), U.S. Patent Application No. 10/951,710 ("the '710 Application"), U.S. Patent Application No. 11/123,340 ("the '340 Application"), and U.S. Patent Application No. 11/126,069 ("the '069 Application"). These applications claim methods and systems that detect defects for microdevices and integrated circuit layouts. Because Dr. Singhal

did not oppose Mentor's motion for partial summary judgment and raises new arguments for the first time in this appeal, this court affirms.

I.

Dr. Singhal brought suit under 35. U.S.C. § 256 to correct inventorship of the four patent applications assigned to Mentor. Dr. Singhal also asserted other causes of action against Mentor in the district court, but only appeals the final judgment on inventorship.

At Mentor, Dr. Singhal worked on designs for manufacturing integrated circuits. Dr. Singhal posits three claims of co-inventorship of the four disputed patent applications. First, he worked temporarily with Dr. Juan Andres Torres Robles, one of the five named inventors of the '069 Application and the sole inventor of the '340 Application. Second, he disclosed an eleven-page PowerPoint presentation, titled A Method to Improve Design Verification for Semiconductor Manufacturing, to his supervisor and other Mentor employees. Third, he submitted a two-page document to the Mentor in-house patent counsel requesting a patent application for an invention, titled Method to Improve Semiconductor Design Verification. These documents allegedly provide evidence that Dr. Singhal contributed to the inventions disclosed in the four patent applications.

Before the district court, Mentor filed a motion for partial summary judgment that Dr. Singhal is not a co-inventor of the four patent applications and that Mentor is the sole owner of the applications. See Defendant's Memorandum in Support of Mentor Graphic's Motion for Summary Judgment of Patent Inventorship and Ownership, No. C07-CV-1587-JL (N.D. Cal., filed March 13, 2008). In support of the motion, Mentor

submitted declarations from five of the six inventors listed on the disputed patent applications and the patent attorneys who prepared and filed the applications. Id. Mentor also submitted Dr. Singhal's deposition testimony, interrogatory responses, admissions, and documents produced in discovery. Id.

In response, Dr. Singhal informed the district court, "Based on defendant's Memorandum . . . in Support of th[e] motion, the evidence defendant submitted . . . and based upon evidence elicited through discovery and [plaintiff's] further investigation and analysis of those facts, plaintiff can find no good faith basis to oppose the motion and therefore does not do so." Plaintiff's Statement of Non-Opposition to Defendant's Motion for Partial Summary Judgment, No. C07-CV-1587-JL, at *1 (N.D. Cal., filed March 19, 2008) ("Plaintiff's Response"). Without material factual issues, the district court granted Mentor's motion. Order Granting Partial Summary Judgment, No. C07-CV-1587-JL, slip op. at *2 (N.D. Cal., filed May 6, 2008).

After Mentor dismissed its pending counterclaims and the court received Dr. Singhal's July 2, 2008, motion for voluntary dismissal, the district court entered final judgment. Dr. Singhal now argues that the district court erred. This court has jurisdiction over this appeal under 28 U.S.C. § 1295(a)(1).

II.

This court reviews a grant of summary judgment without deference. Pickholz v. Rainbow Techs., Inc., 284 F.3d 1365, 1371 (Fed. Cir. 2002) (citing Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp., 149 F.3d 1309, 1316 (Fed. Cir. 1998)). Summary judgment is appropriate if the record discloses no genuine issues of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Before the district court was Mentor's motion for partial summary judgment and Dr. Singhal's response offering no opposition to the motion. Without more, the district court properly detected no genuine issues of material fact on Dr. Singhal's inventorship claims. The district court, thus, properly granted summary judgment and dismissed the case. Indeed, Dr. Singhal sought voluntary dismissal.

Dr. Singhal's argument that his response filed by his lawyer was contrary to his instructions is not availing. A litigant is bound by the "acts or omissions" of his chosen lawyer. Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962). "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." Id. at 634 n.10. See also Nelson v. Boeing, 446 F.3d 1118, 1118 (10th Cir. 2006) (stating same).

In this appeal, Dr. Singhal presents two new arguments not presented below, challenging the district court's grant of partial summary judgment. First, Dr. Singhal argues that he conceived parts of the subject matter of the patent applications in issue before the named inventors. Second, he argues that Mentor's evidence supporting its motion did not negate Dr. Singhal's claim as a co-inventor. This court generally does not consider arguments raised for the first time on appeal. See, e.g., Innogenetics, N.V. v. Abbott Labs., 512 F.3d 1363, 1376 n.5 (Fed. Cir. 2008); Interactive Gift Exp., Inc. v. Compuserve Inc., 256 F.3d 1323, 1344 (Fed. Cir. 2001). Thus, because Dr. Singhal raises these arguments for the first time on appeal, this court continues to sustain the district court's proper action.

### III.

For the forgoing reasons, this court affirms the district court's grant of partial summary judgment and final judgment dismissing this case.

### AFFIRMED

### <u>COSTS</u>

Each party shall bear its own costs.