**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TERRY JOE CARTER,

       Plaintiff - Appellant,

     v.

BOARD OF COUNTY
COMMISSIONERS OF OKFUSKEE
COUNTY; JACK CHOATE, individually
and in his official capacity as Sheriff
Okfuskee County,

       Defendants - Appellees.

No. 09-7097
(D. Ct. No. 6:08-CV-00452-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Plaintiff-appellant Terry Joe Carter appeals pro se from the district court's order

granting defendants-appellees' motion for summary judgment. We have jurisdiction

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291 and AFFIRM.

## I.  BACKGROUND

Mr. Carter was an inmate in Oklahoma's Okfuskee County Jail from July 2007 to February 2009.  In September 2007, Sheriff Jack Choate obtained permission to modify two cells in the Okfuskee County Jail in order to make better use of the space.  The modification began in early November 2007 and primarily involved cutting and removing steel bars from the two cells.  Much of this labor was completed by inmate trustees, who are generally granted greater freedom and responsibility and are typically given extra credit for their sentences based on work they complete in the jail.  Mr. Carter did not personally perform any of the steel cutting; however, he was one of two inmate trustees who performed plumbing work during the modification.

Near the beginning of the modification project, Bobby Mann, the inmate trustee primarily responsible for performing the steel work, suggested to Sheriff Choate that the bars in the cells might be covered with lead paint and requested protective masks to prevent ingestion of lead particles.  Sheriff Choate complied with Mr. Mann's request and provided the inmate trustees who were performing the steel work with the requested masks.  On December 10, 2007, inmate trustee Keenon Andrews complained of a rash and was examined by Dr. Noel Miller, the local doctor who treats inmates at Okfuskee County Jail.  Dr. Miller discovered that Mr. Andrews had an elevated lead content in his blood and suggested that he be removed from any possible exposure to lead.  One month later, tests revealed that Mr. Mann's blood lead level was also above normal.

Accordingly, Sheriff Choate halted all work on the modification project and offered blood tests to all inmates and jail employees. On January 31, 2008, Mr. Carter's blood test demonstrated that the lead content of his blood was normal for someone who is exposed to lead as part of his occupational environment. Dr. Miller did not recommend that Mr. Carter obtain any treatment for lead exposure.

On December 4, 2008, Mr. Carter and seven other inmates filed this suit pursuant to 42 U.S.C. § 1983. In their complaint, the inmates alleged that Sheriff Choate and other prison officials violated their Eighth Amendment rights by requiring them to work in conditions that exposed them to paint containing high levels of lead and to asbestos. These acts, the inmates contend, amounted to deliberate indifference to the inmates' health and safety because Sheriff Choate and other prison officials knew or should have known of the risks inherent in the modification project. After the inmates voluntarily dismissed their asbestos-related claims, the defendants-appellees moved for summary judgment. Concluding that the inmates had failed to establish any injury resulting from lead exposure, the district court granted the defendants-appellees' motion. Mr. Carter now appeals from that decision.

## II. DISCUSSION

We review de novo a district court's decision to grant summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." *Id.* (quotations omitted).

Although the moving party bears the burden of establishing the absence of a genuine issue of material fact, "the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id*. (quotations omitted).

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). The test for deliberate indifference under the Eighth Amendment is both objective and subjective. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). To satisfy the objective component, an inmate must demonstrate that "the harm suffered rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Id.* (internal quotations omitted).

Although Mr. Carter alleged in his answers to interrogatories that he suffered headaches, lung infection, and nausea as a result of lead exposure, he did not present any specific facts that would demonstrate that he suffered a harm sufficiently serious to be cognizable under the Eighth Amendment. Indeed, the only specific evidence offered by Mr. Carter was the expert testimony of Dr. William Jones. That evidence, however, was stricken from the record because Dr. Jones failed to timely produce his expert report. Accordingly, the district court correctly granted defendants-appellees' motion for summary judgment based on Mr. Carter's failure to produce specific facts demonstrating

- 4 -

he suffered a harm that is cognizable under the Eighth Amendment.[1]

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]On appeal, Mr. Carter also contends that his counsel's failure to diligently pursue Dr. Jones's expert report violated his Sixth Amendment right to effective assistance of counsel.  This, however, is a civil case, and "[t]he general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006).  Although we express no opinion on Mr. Carter's counsel's performance, we acknowledge that his only possible remedy is not reversal, but a legal malpractice suit against the allegedly deficient attorney.  *Id.*