NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011[*]
Decided March 31, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2242

| | |
|---|---|
| TANISHA MATTHEWS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 C 5312 |
| WAL-MART STORES, INC., | |
| *Defendant-Appellee.* | Amy J. St. Eve, *Judge.* |

**O R D E R**

Tanisha Matthews, an Apostolic Christian, sued her former employer Wal-Mart Stores, Inc. for race and religious discrimination under Title VII. Matthews voluntarily dismissed her race-discrimination claim, which she abandons on appeal, and the district court granted summary judgment to Wal-Mart on her religious-discrimination claim. Because Matthews has not provided evidence of religious discrimination, we affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Beginning in 1996 Matthews worked as an overnight stocker at Wal-Mart's store in Joliet, Illinois. In September 2005, during a break in the overnight shift, Matthews took part in a conversation about God and homosexuality. The next day an employee informed a manager that Matthews had made inappropriate comments about gays to a gay employee named Amy. Over the next three months, Wal-Mart investigated the incident by interviewing and obtaining statements from employees who were present during the conversation. In her statement, Amy reported that Matthews was "screaming over her" that God does not accept gays, they should not "be on earth," and they will "go to hell" because they are not "right in the head." Five other employees confirmed that Matthews had said that gays are sinners and are going to hell.

Wal-Mart fired Matthews after concluding that she had engaged in serious harassment in violation of Wal-Mart's Discrimination and Harassment Prevention Policy. This policy, which Matthews was aware of at the time of the incident, prohibits employees from engaging in conduct that could reasonably be interpreted as harassment based on an individual's status, including sexual orientation, and provides that employees who violate the policy will receive "coaching and/or other discipline, up to and including termination." Wal-Mart has a "zero tolerance" policy for harassment "regardless of whether such conduct rises to the level of unlawful discrimination or harassment" and treats serious harassment as gross misconduct and grounds for immediate termination.

As relevant here, Matthews then sued Wal-Mart for religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Matthews argued that terminating her for stating that gays will go to hell—a belief that she maintains is an aspect of her Apostolic-Christian faith—constitutes unlawful discrimination under Title VII. In response to Wal-Mart's motion for summary judgment, Matthews argued that she could establish intentional discrimination under both the direct and indirect methods of proof. With respect to the direct method, Matthews maintained that Wal-Mart was aware that she was a Christian and argued that Wal-Mart's decision to allow Matthews and Amy to continue to work together during the three-month investigation raised a reasonable inference that she was fired because of her religious beliefs and not for violating company policy. She also argued that she had made out a prima facie case under the indirect method of proof because she had been meeting Wal-Mart's expectations before the incident and was the only employee fired as a result of the conversation.

The district court granted summary judgment to Wal-Mart because it found no direct evidence of discrimination and no evidence that similarly situated employees received more favorable treatment. The district court noted that Matthews had admitted that none of the other employees involved in the conversation made comments that violated Wal-Mart's harassment policy.

On appeal Matthews first argues under the direct method of proof that Wal-Mart engaged in religious discrimination by firing her for expressing her religious beliefs. But if Matthews is arguing that Wal-Mart must permit her to admonish gays at work to accommodate her religion, the claim fails. First, Matthews did not advance it in the district court, so it is forfeited. *Khan v. Bland*, 630 F.3d 519, 533 (7th Cir. 2010). Moreover, Wal-Mart fired her because she violated company policy when she harassed a coworker, not because of her beliefs, and employers need not relieve workers from complying with neutral workplace rules as a religious accommodation if it would create an undue hardship. *Endres v. Ind. State Police*, 349 F.3d 922, 925 (7th Cir. 2003). In this case, such an accommodation could place Wal-Mart on the "razor's edge" of liability by exposing it to claims of permitting workplace harassment. *See Flanagan v. Ashcroft*, 316 F.3d 728, 729-30 (7th Cir. 2003). Finally, although Matthews and Amy worked together during the investigation, that fact is not evidence of religious hostility; it shows only that Wal-Mart chose to finish its investigation before taking action.

Matthews next argues under the indirect method of proof that Wal-Mart selectively applied its anti-harassment rules when it fired her but retained the other employees that participated in the conversation. To survive summary judgment under the indirect method of proof, Matthews must provide evidence that, among other things, Wal-Mart treated similarly situated employees outside of Matthews' protected group more favorably. *See Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 364-66 (7th Cir. 2009). District courts must take care when defining "similarly situated," *see Stinnett v. City of Chicago*, 630 F.3d 645, 646-47 (7th Cir. 2010); in this context employees are similarly situated only if they committed comparable policy violations, *see Patterson*, 589 F.3d at 366; *Dear v. Shinseki*, 578 F.3d 605, 610 (7th Cir. 2009); *McCann v. Tillman*, 526 F.3d 1370, 1373-74 (11th Cir. 2008); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 710 (6th Cir. 2006). Matthews admits that none of the other employees involved in the conversation commented about "someone's individual status, homosexuality or race," and there is no evidence in the record that other Wal-Mart employees have violated the harassment policy and not been fired. Accordingly, Matthews has not identified a similarly situated employee who received more favorable treatment.

We construe Matthews' challenges to Wal-Mart's explanation for her termination as arguments about pretext, but pretext is irrelevant because Matthews has not presented a prima facie case. *See Steinhauer v. DeGolier*, 359 F.3d 481, 485 n.3 (7th Cir. 2004). In any event, Wal-Mart's anti-harassment policy establishes that her conduct qualified as harassment and that Wal-Mart may fire rather than merely suspend her. Matthews also relies on a decision by the Illinois Department of Employment Security, finding that the misconduct that led to her termination was not severe enough to bar her from receiving unemployment benefits. But the agency's finding is irrelevant because it was based on a different definition of misconduct used only for employment-benefits decisions. Moreover, Illinois law provides

that these decisions have no preclusive effect in other proceedings, *see* 820 ILCS 405/1900(B), and we give state judgments the same preclusive effect that they would receive under state law, *see* 28 U.S.C. § 1738; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 430 (7th Cir. 2009).

Finally, Matthews argues that her trial counsel provided ineffective assistance and sabotaged her case. But Matthews' remedy for counsel's allegedly negligent behavior is a malpractice action, not another shot at a trial against Wal-Mart. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-21 (10th Cir. 2006); *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

Accordingly, we AFFIRM the judgment of the district court.