**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GLORY JOHNSON-STANTON,

      Plaintiff-Appellant,

v.

MANAGEMENT AND TRAINING
CORPORATION,

      Defendant-Appellee.

No. 10-4221
(D.C. No. 1:09-CV-00046-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

In this employment discrimination case, Glory Johnson-Stanton appeals

pro se from the district court's order granting Management and Training

Corporation's (MTC's) motion for summary judgment. We have jurisdiction

under 28 U.S.C. § 1291, and we AFFIRM.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Ms. Johnson-Stanton worked for MTC for twenty-eight years, until "her GED/ESL Senior Instruction position was eliminated effective May 31, 2007[,] as part of a reduction in force action." R. at 17. She retained counsel and sued MTC in April 2009, alleging that she had been terminated in violation of Title VII because of her "race (African American) and national origin (African American)." *Id.*

MTC sought summary judgment, arguing that Ms. Johnson-Stanton's claims were either time-barred or failed on the merits. After obtaining two extensions of time to file an opposition, Ms. Johnson-Stanton's attorney joined with MTC in a "Stipulation to Submit MTC's Motion for Summary Judgment for Decision Without Opposition from Plaintiff." *Id.* at 474. Specifically, the stipulation provided that Ms. Johnson-Stanton had "chosen not to oppose MTC's Motion or to oppose the entry of any of the relief sought in MTC's Motion based on the record supporting MTC's Motion." *Id.* at 475.

The district court granted MTC summary judgment, and Ms. Johnson-Stanton appealed pro se.

## DISCUSSION

"We review de novo the district court's grant of summary judgment." *Fredericks v. Jonsson*, 609 F.3d 1096, 1098 (10th Cir. 2010). "Summary judgment is appropriate when there is no genuine issue of material fact and the

-2-

movant is entitled to judgment as a matter of law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1284-85 (10th Cir. 2011).

Ms. Johnson-Stanton does not assert that summary judgment is unsupported by the facts or law. Instead, she argues that her attorney was "incompeten[t]" and failed "to properly represent [her] in the case against MTC." Aplt. Br. at 7, 8. She states that she terminated her attorney after he and MTC filed the stipulation, and that after the district court entered summary judgment, she notified the court "concerning the behavior of [her] attorney," but was told to contact the Utah State Bar. *Id.* at 7.

Ms. Johnson-Stanton presents a claim of ineffective assistance of counsel. "The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006); *cf. id.* at 1120 (recognizing that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases"). "If a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." *Id.* at 1119.[1]

---

[1] We express no opinion on the representation of Ms. Johnson-Stanton's counsel.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge