**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON WINICK,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

      Defendant - Appellee.

No. 16-6077
(D.C. No. 5:14-CV-00116-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **PHILLIPS** and **McHUGH**, Circuit Judges.
_____

Jason Winnick appeals pro se from the district court's order affirming the

Commissioner's decision denying his applications for Social Security disability and

Supplemental Security Income (SSI) benefits.  He filed for these benefits in 2007,

alleging he had become disabled in June of that year due to lower back problems and

mental impairments.  After extensive administrative proceedings, including three

previous administrative law judge (ALJ) decisions and two prior remands from the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appeals Council, the ALJ held a de novo hearing on Mr. Winnick's applications in December 2012, then issued the decision at issue in this appeal on February 12, 2013.

In his decision, the ALJ determined that Mr. Winnick suffered from the severe impairments of lumbar disc disease, status post laminectomy; bipolar disorder; and anxiety disorder. The ALJ further determined these impairments did not, separately or in combination, meet or medically equal the severity of a listed impairment, and that Mr. Winnick had the residual functional capacity (RFC) to perform light work with certain limitations.

Applying the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. 2, App. 2, rule 202.20 as a framework, the ALJ concluded that if Mr. Winnick had the RFC to perform a full range of light work, the Rule would direct a finding of not disabled. To determine the extent to which his additional limitations eroded the unskilled light occupational base, the ALJ obtained testimony from a vocational expert (VE), who identified jobs that Mr. Winnick could perform given his RFC and other vocational factors. Based on the VE's testimony, and considering Mr. Winnick's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that he could perform. He was therefore not disabled. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir.

2

2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing process). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *See id.* at 751 n.2. If he successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains a sufficient RFC to perform work in the national economy, given his age, education, and work experience. *See id.* at 751. This case was decided at step five of the process.

Mr. Winnick appears pro se in this appeal. Because he is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). We construe his pro se brief to raise nine issues: (1) the ALJ did not give proper consideration to his Veterans Administration (VA) disability rating; (2) the district court failed to discuss all of the propositions of error he raised in his objections to the magistrate judge's report and recommendation; (3) the ALJ improperly deemed some of his treating physicians to be examiners only, and unjustifiably gave great weight to the agency's evaluators while discounting the opinions of doctors he saw for treatment; (4) the ALJ incorrectly determined that he does not suffer from spinal stenosis; (5) contrary to the ALJ's statements, his back impairments have affected his ability to pursue his education; (6) his mental impairments are much worse than the ALJ indicated in his decision; (7) given the

three prior ALJ decisions, this case should be remanded for an award of benefits; (8) the district court should have remanded this case to the magistrate judge after Mr. Winnick raised a new argument; and (9) his attorney committed malpractice in the district court proceedings, so Mr. Winnick should have been given rehearing with new counsel.

We may dispose summarily of a number of these issues, before turning to those that require more detailed discussion. Issues (2) and (8), which concern alleged district court procedural error, do not require reversal because we review the Commissioner's decision rather than the district court's decision, *Wilson*, 602 F.3d at 1140, "independently determin[ing] whether the ALJ's decision is free from legal error and supported by substantial evidence," *Blea v. Barnhart*, 466 F.3d 903, 908 (10th Cir. 2006). As for issue (9), "[t]he general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006).

We turn to the remaining issues that require more extended discussion.

## 1. Treatment of Physicians' Opinions

### A. Dr. Ganzell

Mr. Winnick complains that the ALJ failed to treat any of the medical opinions from various doctors who saw him over the years as treating physicians' opinions. In response, the Commissioner concedes that the ALJ erred by considering one of the physicians as an examining, rather than a treating, source. Aplee. Br. at 34 ("[I]t appears the ALJ misapprehended the number of times Dr. Ganzell saw

4

[Mr.] Winnick, and should have considered Dr. Ganzell to be a treating, rather than examining, source.").

The ALJ analyzed Dr. Ganzell's opinion as follows:

> The record contains an assessment by Steven Ganzell, Ph.D.[]  Dr. Ganzell performed a psychological evaluation on April 3, 2007 and again on July 26, 2007.  After interview and mental status examination, he gave the following diagnosis: Major depressive disorder, Generalized anxiety disorder.  He assigned a GAF of 40.  Dr. Ganzell noted that the claimant's functioning is limited due to his depression and pain.  He noted the claimant has no social activities and concentration and task completion are both impacted by the combination of affective state and pain.  He further noted that the claimant cannot sustain employment due to his condition.  He cannot sustain attention (Exhibit 6F). *The undersigned notes that Dr. Ganzell is an examining, not treating source.  As discussed above, he indicates he examined the claimant twice, but there is only one evaluation report in this record.  Therefore, Dr. Ganzell's assessment cannot be entitled to controlling weight.*  In weighing the value of the assessment, the undersigned accords it some weight.  However, Dr. Ganzell's opinion about the claimant's functioning are inconsistent with the claimant's own report of activities.  He has been attending college classes successfully.  He helps take care of his young child[.]

R. at 39 (emphasis added).

Had the ALJ properly analyzed Dr. Ganzell's opinion as a treating rather than an examining physician's opinion, he would have been obligated to follow the procedure for weighing a treating physician's opinion. *See Mays v. Colvin*, 739 F.3d 569, 574 (10th Cir. 2014).  This procedure requires the ALJ to "first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Id.*  If the opinion does not meet either of these criteria, it is not entitled to controlling weight, but the ALJ must still give it deference and weigh it using the

5

appropriate factors. *Id.*; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c) (identifying factors to be considered).

The Commissioner argues that the ALJ's error was harmless because the ALJ provided reasons for discounting Dr. Ganzell's opinion that would have applied even if he had analyzed the opinion as a treating source opinion. *See* Aplee. Br. at 34. But we cannot treat this error as harmless. To do so would ignore the ALJ's duties not only to determine whether to assign a treating physician's opinion controlling weight, but to give deference to a treating physician's opinion even if he does not assign it controlling weight. *Mays*, 739 F.3d at 574. The exercise of such deference might have changed the relative weight assigned to all the medical opinions, including the non-examining consultants to whose opinions the ALJ assigned great weight.

Moreover, in assigning weight to a medical opinion, the ALJ is required to consider factors such as the frequency of treatment, the length of the treatment relationship, and the nature and extent of the treatment relationship. *See* 20 C.F.R. §§ 404.1527(c)(2)-(3), 416.927(c)(2)-(3). The ALJ's analysis of these factors in this case rested on a flawed premise. He mistakenly assumed that Dr. Ganzell had only examined Mr. Winnick twice and had not treated him for his psychological impairments. But Dr. Ganzell's psychotherapeutic relationship with Mr. Winnick included multiple treatment visits over an extended period of time. *See* R. at 541-42; 548-49; 561-75; 613-16; 621-22; 636-37; 763-64; 765-68; 806-07; 808-09. We cannot repair the deficiencies in the ALJ's analysis by inserting our own judgment

6

concerning Dr. Ganzell's treatment relationship with Mr. Winnick.[1]  The weighing of such factors is the ALJ's job, not ours.  *See, e.g.*, *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (court may supply missing dispositive finding only where "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.").  We must therefore remand to the Commissioner for a proper analysis of Dr. Ganzell's treating physician's opinion.

The remaining medical personnel Mr. Winnick mentions in his brief either were not "acceptable medical sources," *see* 20 C.F.R. §§ 404.1513, 416.913, or did not have a treating physician relationship with Mr. Winnick.  Thus, the ALJ did not err by failing to consider their opinions as treating physicians' opinions.  As noted, however, a proper evaluation of Dr. Ganzell's opinion may affect the ALJ's overall weighing of the medical evidence.

### B.  Dr. Tran

Mr. Winnick also challenges the ALJ's evaluation of Dr. Joseph H. Tran's opinion concerning his back problems.  Dr. Tran examined Mr. Winnick on August 7, 2009.  He concluded that "[t]he effect of the [back] condition on [Mr. Winnick's] usual occupation is none; [he] is unemployed/a student.  The effect of the condition on [his] daily activity is severe."  R. at 1028.  The ALJ gave this opinion "some weight."  *Id.* at 38.  He reasoned that Dr. Tran did "not provide any specific explanation as to what daily activities are limited or the degree to which they are

---

[1] The error seems particularly significant because the Appeals Council had remanded the case to the ALJ for further consideration of Dr. Ganzell's opinion. R. at 192.

limited. He also opines that [Mr. Winnick's] back condition has no effect on his occupation, from which it must be inferred that his back problem has not limited his ability to attend school." *Id.*

Mr. Winnick argues the ALJ failed to give adequate weight to Dr. Tran's statement that his back problems had a "severe" effect on his daily activities. He contends that such severe effects must have also significantly affected his ability to work. We agree with the ALJ, however, that Dr. Tran's failure to provide specifics concerning these effects undermined the value of his opinion.

Mr. Winnick also argues that the ALJ made an unjustified inference from Dr. Tran's conclusion that his impairments had no effect on his "usual occupation" because he is unemployed or a student, to a conclusion that his back problem had no effect on his ability to attend school. The most reasonable reading of Dr. Tran's statement is that Dr. Tran did not consider being unemployed or a student a "usual occupation." The ALJ's alternative reading, that being unemployed or a student *is* an occupation, but that the back problems had *no effect* on that "occupation," stretches the meaning of Dr. Tran's words beyond their elastic limits, for at least two reasons. First, it is difficult to discern how being unemployed is an "occupation." Second, a finding that Mr. Winnick's back problems had *no* effect on his ability to survive unemployment or be a student would be inconsistent with Dr. Tran's finding that Mr. Winnick's back problems have a "severe" impact on his daily activities. On remand, the ALJ accordingly should reconsider Dr. Tran's opinion and his reasons for assigning it "some" weight, along with any effect this evaluation may

8

have on his analysis of Mr. Winnick's ability to pursue an education and its

evidentiary value in determining his ability to work.[2]

## 2. VA Disability Rating

Mr. Winnick has been rated 100% disabled by the VA and receives VA

disability benefits.  He complains that in determining he was not disabled, the ALJ

failed to give proper consideration to his VA disability rating.

In a rating decision dated January 31, 2008, the VA granted Mr. Winnick

entitlement to individual unemployability status, effective March 14, 2007.  This

entitlement was based on a combined service-connected disability rating of 80% for

his intervertebral disc syndrome, generalized anxiety disorder, and radiculopathy.

Because of the likelihood of improvement in his back conditions, this entitlement was

"not considered permanent and [was] subject to a future review examination."

R. at 483.  But on August 31, 2009, the VA determined based on a subsequent

examination by Dr. Tran that Mr. Winnick had "a total service-connected disability,

permanent in nature." *Id.* at 504.

In his decision, the ALJ acknowledged that Mr. Winnick was receiving VA

disability benefits.  He then stated:

> The criteria used to determine a Veteran's disability rating is [sic] different
> from the criteria in the Social Security disability evaluations set out in rules
> and regulations.  As such, determination by another agency of disability is

---

[2] In his decision, the ALJ acknowledged Mr. Winnick's "long history of back problems."  R. at 33.  Mr. Winnick complains that the ALJ did not thoroughly discuss unspecified medical evidence from 2004 to 2007 as it pertained to those problems. But Mr. Winnick did not allege that he became disabled until June 22, 2007.  He fails to show why a more thorough discussion of evidence from prior years was required.

> not binding on the [ALJ]. . . . The [ALJ] has considered the fact that the claimant has impairments that the VA has found to be disabling and this has been factored into the claimant's [RFC].

*Id.* at 39-40.

This was the extent of the ALJ's evaluation of the VA rating. "Although another agency's determination of disability is not binding on the Social Security Administration, . . . it is evidence that the ALJ must consider *and explain why he did not find it persuasive.*" *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (emphasis added); *see also* 20 C.F.R. §§ 404.1504, 416.904 (stating disability determination made by another agency is not binding on the Social Security Administration). Here, the ALJ determined that the VA correctly enumerated Mr. Winnick's impairments, but did not follow the VA's conclusion they were disabling. He never explained why he found the VA's determination of disability unpersuasive. Nor, for that matter, did he specifically explain how the "impairments that the VA has found to be disabling" were "factored into the claimant's [RFC]." R. at 40. On remand, the ALJ should provide a more complete explanation of his evaluation of the VA's rating.

### 3. Request for Sentence Six Remand

Issues (4) and (6) rely on new medical evidence that was not submitted to the ALJ or the Appeals Council, but was presented to the district court along with Mr. Winnick's objections to the magistrate judge's report and recommendation. In his reply brief in this court, for the first time Mr. Winnick requests that we authorize a "sentence six" remand to the agency for consideration of this allegedly

10

new and material evidence. *See* 42 U.S.C. § 405(g) (authorizing remand where a claimant presents new and material evidence and shows good cause for not producing the evidence during the administrative proceedings); *Wilson*, 602 F.3d at 1148 (discussing "sentence six" remand for consideration of new evidence).

Mr. Winnick failed to request sentence-six remand from the district court before it issued its merits decision. Assuming he can still request a sentence-six remand at this later stage of the judicial review process, he fails to convince us that we should further delay the proceedings by giving him an additional opportunity to request sentence-six relief from the district court in connection with the remand we now order. We therefore reject his request to remand with instructions to the district court to consider a sentence-six remand to the Commissioner.

We also decline to consider the evidence to which he refers that was not part of the administrative record. Because his attack in issues (4) and (6) depends on this "new" evidence, which post-dates the ALJ's decision and was never submitted to the agency, we affirm as to those issues.

### 4. Request for Immediate Award of Benefits

Mr. Winnick requests that rather than prolong the proceedings before the agency, we remand with instructions to order the Commissioner to make an immediate award of benefits. "Whether or not to award benefits is a matter of our discretion." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). In exercising this discretion, we consider such factors as "the length of time the matter has been pending" and "whether or not given the available evidence, remand for additional

11

fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Id.* (brackets and internal quotation marks omitted).

We recognize that this matter has been pending nearly ten years and has required numerous remands for further agency decision-making.  But an eventual award of benefits is not foreordained on this record, and further administrative proceedings are appropriate to permit the Commissioner to properly weigh the evidence.  We therefore deny the request for an immediate award of benefits.

The district court's decision is reversed, and this matter is remanded to the district court with instructions to remand to the Commissioner for further proceedings in accordance with this order and judgment.

Entered for the Court


Timothy M. Tymkovich
Chief Judge