**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 17-1308**

---

MAURICE GLENN,

        Plaintiff - Appellant,

     v.

WELLS FARGO BANK, N.A.,

        Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:15-cv-03058-PX)

---

Submitted: July 28, 2017                      Decided: September 29, 2017

---

Before KING, DIAZ, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Maurice Glenn, Appellant Pro Se. Virginia Wood Barnhart, Justin E. Fine, TREANOR, POPE & HUGHES, P.A., Towson, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Glenn appeals the district court's order dismissing his amended complaint in part for arbitration and in part for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(1), (6). Glenn's amended complaint raised breach of contract, discrimination, and retaliation claims arising out of his Wells Fargo accounts and credit applications. We have reviewed the record on appeal and find no error in the district court's dismissal of Glenn's claims.

First, Glenn's informal briefs do not challenge the district court's dismissal of his business line of credit claims for arbitration, and he has thus forfeited appellate review of the issue. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("[O]ur review is limited to the issues preserved in the [informal] brief.").

We agree with the district court that Glenn's remaining claims against Wells Fargo fail to state a claim for relief. Fed. R. Civ. P. 12(b)(6); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We review a district court's dismissal under Rule 12(b)(6) de novo, accepting as true all of the factual allegations contained in the complaint and drawing all reasonable inferences from those facts in favor of the plaintiff. *Mason v. Machine Zone, Inc.*, 851 F.3d 315, 319 (4th Cir. 2017). "To survive a motion to dismiss, a complaint must present factual allegations that state a claim to relief that is plausible on its face." *Jackson*, 775 F.3d at 178 (internal quotation marks omitted). Although a court "must accept the truthfulness of all factual allegations" in a complaint, it "need not assume the veracity of bare legal conclusions." *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012) (internal quotation marks omitted). "The mere recital of elements of a cause of action,

2

supported only by conclusory statements, is not sufficient to survive" a Rule 12(b)(6) motion. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). "[A] plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Id.* (citation omitted).

Glenn claims that the district court applied the incorrect standard for ruling on a Fed. R. Civ. P. 12(b)(6) motion and improperly required him to produce evidence prior to discovery. Rather than requiring actual evidence, however, the district court properly required specific factual allegations showing that Glenn qualified for the benefits sought and directly tying Wells Fargo's denials to Glenn's race and complaints to government entities. The district court properly accepted all of Glenn's specific factual allegations as true and ignored his conclusory allegations. *See Burnette,* 687 F.3d at 180. Glenn asserts that the district court erred in not allowing his attorney to examine Wells Fargo's records, complaining that he was "required to show evidence, but Wells Fargo was not." But the district court properly denied any requests to review documents, as the case had not reached discovery, *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009), and unlike Glenn, Wells Fargo, as the defendant, was not required to plead claims for relief.

Glenn further contends that the district court should have considered his affidavit and other exhibits in ruling on the motion to dismiss and raises numerous new allegations and submits new evidence not addressed in his amended complaint. A Rule 12(b)(6) motion to dismiss "tests the sufficiency of a complaint," and our "evaluation is thus generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). However, we also consider (1)

3

"documents . . . explicitly incorporated into the complaint by reference," (2) "those attached to the complaint as exhibits," and (3) undisputedly authentic "document[s] submitted by the movant that . . . [are] integral to the complaint." *Id.* at 166 (citation omitted); *see* Fed. R. Civ. P. 10(c). Here, the district court did not err in declining to consider Glenn's affidavit and additional exhibits in ruling on the motion to dismiss, as this material was neither "explicitly incorporated into the complaint by reference" nor "attached to the complaint as exhibits." *See Goines*, 822 F.3d at 166. We also decline to consider the new allegations and evidence not addressed in Glenn's amended complaint. *See id.* at 165-66*; In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014).

Next, we agree with the district court that Glenn's claims under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691 to 1691f (2012); Maryland Equal Credit Opportunity Act (MECOA), Md. Code Ann., Com. Law §§ 12-701 to -708 (LexisNexis 2013); Fair Housing Act (FHA), 42 U.S.C. §§ 3601 to 3619 (2012); and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7 (2012) fail to state a claim for relief.

For each of his ECOA, MECOA, FHA discriminatory intent, and Title VI discrimination claims, Glenn must either provide direct evidence of discrimination or make a prima facie case under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) test. Md. Code Ann., Com. Law § 12-704(3); *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995); *Pinchback v. Armistead Homes Corp.*, 907 F.2d 1447, 1451 (4th Cir. 1990); *Boardley v. Household Fin. Corp. III*, 39 F. Supp. 3d 689, 710-11 (D. Md. 2014). Glenn

4

fails to meet either test for any of these statutory claims. Without more, Glenn's allegation that one Wells Fargo employee reacted negatively upon learning his race is insufficient to constitute direct evidence of discrimination. Glenn also fails to make a prima facie case under the *McDonnell Douglas* test, as he did not adequately plead that he qualified for the credit he sought. Glenn's amended complaint did not compare his specific qualifications to the requirements for any of the benefits he sought. Although Glenn contends that the fact Wells Fargo initially approved several of his applications demonstrates that he actually qualified for these benefits, he failed to plead specific facts or attach documents demonstrating such approval to his amended complaint.

While Glenn now raises a discriminatory impact claim under the FHA, we decline to consider it on appeal because he failed to plead this claim in his amended complaint. *See Goines*, 822 F.3d at 165-66. We also find Glenn's Title VI retaliation claim unavailing, as he fails to establish a causal connection between his complaints to government entities and the denial of his applications, again because he does not demonstrate that he actually qualified for the benefits sought. *See Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003).

Glenn contends that the district judge who dismissed his amended complaint was biased against him. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and Glenn's claims of discrimination, conspiracy, and incompetence on the part of the district judge constitute "unsupported, irrational [and] highly tenuous speculation," *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). Glenn's allegation that this court is

5

attempting to sabotage his appeal is also wholly unfounded. And, Glenn's claims of attorney malpractice are not cognizable on appeal. *See Nelson v. Boeing Co*., 446 F.3d 1118, 1119 (10th Cir. 2006).

We therefore affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*