**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1585
_____

RAFAEL PAREDES,
                                        Appellant

v.

UNITED AIRLINES, INC.; JOHN DOE 1-20, Fictitious Business
Entities; TOM ROE 1-20, Fictitious Persons; RAUL VENTURA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-21-cv-17091)
District Judge:  Honorable Julien Xavier Neals

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2024

Before:  RESTREPO, MATEY, and CHUNG, Circuit Judges

(Opinion filed: December 17, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Rafael Paredes appeals from an order dismissing his second amended complaint under Fed. R. Civ. P. 12(b)(6).  We will affirm.

## I.

Paredes is a former employee of United Airlines, Inc.  Through counsel, he filed this action raising claims under federal and New Jersey law that United discriminated against him on the basis of his race and age and retaliated against him for, inter alia, filing a complaint with the Equal Employment Opportunity Commission.  He also asserted a claim under New Jersey law for intentional infliction of emotional distress.

On United Airlines' motion, the District Court dismissed Paredes's complaint but did so in part without prejudice.  Paredes then filed an amended complaint and later filed a second amended complaint.  United Airlines filed a motion to dismiss the second amended complaint too.  The court heard argument on the motion and then granted it and dismissed the second amended complaint for the reasons it stated on the record. Although Paredes was counseled at all times before the District Court, he appeals pro se.[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 over Paredes's federal claims, and we understand it to have exercised supplemental jurisdiction under 28 U.S.C. § 1367 over his state-law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review the dismissal of a complaint de novo.  See Kalu v. Spaulding, 113 F.4th 311, 324 (3d Cir. 2024).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 324-25 (cleaned up).  In applying this standard, we accept as true only "well-pleaded factual allegations" and "disregard any allegations that are no more than conclusions."  Id. at 341 (cleaned up).  We review a dismissal without leave to amend for abuse of discretion.  See LabMD Inc. v. Boback, 47 F.4th 164, 192 n.22 (3d Cir. 2022).

II.

Paredes argues that his counsel performed deficiently in the District Court. In that regard, he has attached documents to his briefs and has filed a motion to supplement the record with still more documents, all of which he argues that his counsel should have submitted to the District Court. But we express no opinion on counsel's performance because "ineffective assistance of counsel is not a basis for appeal or retrial" in a civil action such as this. Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006); see also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).

Paredes's reliance on documents that were not before the District Court is not a basis for relief on appeal either because, in the absence of exceptional situations not presented here, "[t]he only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009) (quoting Fassett v. Delta Kappa Epsilon (N.Y.), 807 F.2d 1150, 1165 (3d Cir. 1986)); see also Fed. R. App. P. 10(a) (defining the record on appeal).[2]

These points aside, Paredes does not challenge or even acknowledge the specific grounds on which the District Court dismissed his claims. Thus, we could deem any such challenge forfeited. See Kalu, 113 F.4th at 344 n.21. But United Airlines has briefed the

---

[2] We nevertheless have reviewed these documents, most of which consist of emails, other correspondence, internal United Airlines reports, and Paredes's medical records. None of these documents reveals any obvious basis for a plausible claim, let alone "establish[es] beyond any doubt" that Paredes pleaded or could plead such a claim in the District Court. Acumed LLC, 561 F.3d at 226.

merits and, having reviewed the merits, we agree with the District Court that Paredes's complaints failed to state any plausible claim to relief. Among other things, while Paredes's second amended complaint is replete with conclusory assertions that United Airlines took certain actions "because of" his age and ethnic background, those conclusory assertions are just that and Paredes did not plead any facts that raise any inference of discrimination. His allegations of retaliation were similarly conclusory, and he also failed to plead any outrageous conduct as necessary to state a claim for intentional infliction of emotional distress. Finally, we discern no abuse of discretion in declining to give Paredes a third chance to amend his complaint. We reach these conclusions even considering the documents that Paredes has submitted for the first time on appeal.

III.

For these reasons, we will affirm the judgment of the District Court. United Airlines' motion to strike Paredes's appendix (Appeal Docket No. 11), and its motion to strike documents appended to Paredes's reply brief (Appeal Docket No. 28), are granted. See Acumed LLC, 561 F.3d at 226. All other requests, including Paredes's motion to supplement the record, are denied.

4