**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MATTHEW GLEN MORROW,

Plaintiff–Appellant,

v.

JUSTIN JONES, Director, Oklahoma
Department of Corrections; LEO
BROWN, Chaplain; DEBBIE MORTON,
Director Designee; R. TINKER, Chaplain;
DAVID MILLER, Warden, Lawton
Correctional Facility; LIEUTENANT
FORD; R. SCHNEE, Programs Director;
RAGER, Chaplain; JULIE WRIGHT,
Contract Monitor, LCF; ROSE, Contract
Monitor, LCF; K C MOON, Contract
Monitor, LCF; DEAN CALDWELL, Asst
Warden Programs; BOWEN, Asst
Warden Security; BILL GIBSON,
Executive Asst; MANUEL, Captain of
Security; THE GEO GROUP INC,

Defendants–Appellees.

No. 11-6303

(D.C. No. 5:09-CV-00633-M)

(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Matthew Morrow, a state prisoner proceeding pro se, appeals several orders issued by the district court, which cumulated to result in a full dismissal of his civil rights complaint. Plaintiff initially filed this action, including an amended complaint, proceeding pro se. At his request, the district court subsequently assisted Plaintiff in obtaining pro bono counsel. In his second amended complaint, filed through counsel, Plaintiff alleged the various Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act and his Fourteenth Amendment equal protection and due process rights. In connection with these claims, Plaintiff sought monetary and declaratory relief.

Defendants, excluding GEO, filed motions to dismiss in response to Plaintiff's second amended complaint. During this time, Plaintiff's appointed counsel withdrew her representation after reaching an impasse in communication with Plaintiff. Plaintiff then proceeded to file several pro se motions prior to the court again assisting Plaintiff, at his request, in obtaining pro bono counsel. Plaintiff's second counsel then filed a motion for leave to file a third amended complaint. After reviewing briefing on the matter and conducting a hearing, the district court denied Plaintiff's motion because of the age of the case and the prejudice to Defendants in light of the fact they had already filed two sets of dispositive motions. Shortly thereafter, Plaintiff's second counsel withdrew his

representation, again after reaching an impasse in communication with Plaintiff.

As a result of the withdrawal of Plaintiff's counsel, the district court sua sponte granted Plaintiff a two-week extension to respond to Defendants' dispositive motions. When Plaintiff failed to respond in the allotted time, the magistrate judge issued three reports and recommendations recommending that each of the claims against Defendants be dismissed with the exception of the official capacity claims against Defendants Moon and Rose[1] and the claims against Defendant GEO. In each of these reports and recommendations, the magistrate judge specifically notified Plaintiff of the time period for filing objections and the consequences of failing to do so. At Plaintiff's request, the district court extended the time to file objections by one month. Plaintiff did not file any objections, but rather requested a second extension. The district court denied this motion and adopted the reports and recommendations of the magistrate judge.

In the meantime, Defendant GEO had filed a motion to dismiss for failure to effect timely service. The magistrate judge issued a report and recommendation recommending this motion be granted. Plaintiff again did not file an objection. While the report and recommendation was pending before the district court, Plaintiff filed this appeal. The following day, the district court adopted the magistrate judge's report and recommendation and dismissed the claims against Defendant GEO. We then issued a

---

[1] Although Plaintiff named "Julie Wright, Contract Monitor, LCF" and "Rose, Contract Monitor, LCF" as Defendants, they are one and the same. As explained by Julie Rose, Wright was her maiden name. (R. Vol. I, Part 3 at 384.) We refer to her throughout as "Defendant Rose."

show cause order based on Rule 54(b) of the Federal Rules of Civil Procedure, noting that the official capacity claims against Defendants Moon and Rose remained pending in the district court. In response to this order, the remaining Defendants filed a motion for summary judgment, which the district court granted. The district court then entered an order dismissing the remaining claims and entered final judgment. Plaintiff filed a motion for reconsideration of the order granting summary judgment. Before the district court ruled on this motion, Plaintiff filed an amended notice of appeal. The district court later denied the motion for reconsideration. Plaintiff has not filed a new notice of appeal or an amended notice of appeal since.

On appeal, Plaintiff raises nine arguments relating to the district court's disposition of his various motions and the proceedings generally: (1) the district court erred in declining to address his allegations of attorney misconduct; (2) the district court erred in refusing to address his claim that the Prison Litigation Reform Act and Lawton Correctional Facility's grievance procedures are facially unconstitutional; (3) the district court erred in repeatedly denying his motions because of procedural errors; (4) the district court erred in denying his Rule 60 motion for reconsideration; (5) the district court erred in denying his motion to file a third amended complaint on the basis that the arguments had been considered and rejected in connection with Plaintiff's motion to file a third amended complaint submitted through counsel; (6) the magistrate judge coerced him to accept representation by the second pro bono counsel; (7) the district court erred in refusing to address his claim that he had been denied access to the courts; (8) the district

court erred in granting summary judgment to Defendants Moon and Rose; and (9) the district court erred in denying his (unspecified) motion for leave to filed an amended complaint. We address each of Plaintiff's arguments, including whether we have jurisdiction to consider them, in turn.

First, to the extent Plaintiff claims the district court's orders should be reversed because of alleged ineffective assistance of his pro bono counsel, such claim must fail. "The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006). Construing Plaintiff's first argument more broadly, it appears to be based largely on alleged fraud and misconduct on the part of his two pro bono attorneys, Defendants, and defense counsel. After a thorough review of the appellate record, we have found no evidence to support these allegations. We likewise found no evidence to support Plaintiff's contention in his sixth argument that the magistrate judge coerced him to accept pro bono legal assistance. To the contrary, Plaintiff repeatedly requested counsel to assist with the discovery process.

In his second claim of error, Plaintiff argues the district court erred in refusing to address his claim that the PLRA and Lawton Correctional Facility's grievance procedures are facially unconstitutional. However, Plaintiff did not assert these claims in his second amended complaint. Rather, Plaintiff first challenged LCF's grievance procedures in his proposed third amended complaint (*see* Doc. 157-1), which the district court did not grant him leave to file. Because this claim was therefore never properly raised before the

-5-

district court, Plaintiff cannot raise it on appeal.[2]  *See Daniels v. United Parcel Serv., Inc.*,

701 F.3d 620, 632 (10th Cir. 2012) ("Litigants who do not raise a claim or argument

before the district court cannot do so on appeal.").  Plaintiff similarly did not challenge

the provisions of the PLRA until he filed a motion for reconsideration of the district

court's order granting summary judgment to Defendants Moon and Rose, which the

district court denied on May 23, 2012.  Plaintiff's challenge to this denial is considered in

connection with his fourth argument.

Plaintiff's third argument appears to be based on the precept that a pro se litigant's

pleadings should be construed liberally.  Relying on this principle, he contends the district

court erred in repeatedly denying his motions on the basis of procedural errors.  After a

thorough review of the record, we are unable to identify which motions Plaintiff claims

were denied in error.  Furthermore, to the extent the district court did deny Plaintiff's

motions on the basis of procedural errors, we find no error in its having done so.  We

have "repeatedly insisted that pro se parties follow the same rules of procedure that

govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005) (internal quotation marks omitted).

Fourth, Plaintiff argues the district court erred in failing to address the basis for his

unspecified motions for reconsideration of its orders.  We have identified two motions for

---

[2] To the extent Plaintiff challenges the district court's denial of his motions for leave to file a third amended complaint, we will consider this challenge in connection with Plaintiff's fifth and ninth arguments.

reconsideration, each of which was denied:  Plaintiff's motion for reconsideration filed on October 24, 2011, and denied on October 26, 2011, and his motion for reconsideration filed on May 1, 2012, and denied on May 23, 2012.  Before turning to the merits of Plaintiff's argument, we must first determine whether we have jurisdiction to consider it.

Plaintiff filed his initial notice of appeal shortly after the district court entered its order denying his motion for reconsideration.  This notice of appeal was premature because, at the time it was filed, the district court had not yet entered final judgment.  However, "[t]he filing of the district court's final order [nearly six months later] . . . served to perfect [Plaintiff's] premature appeal of the [initial ruling]." *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992).  Accordingly, we have jurisdiction to consider Plaintiff's challenge to the district court's denial of his first motion for reconsideration.  The same cannot be said of Plaintiff's challenge to the district court's denial of his second motion for reconsideration.  Because this order was entered some six months after Plaintiff's initial notice of appeal and one month after the entry of judgment, Plaintiff was required to "separately and individually comply with the Rules of Appellate Procedure." *Id.*  He did not do so.  Plaintiff did not file an amended notice of appeal or any other document we could construe as the functional equivalent of a notice of appeal.  We therefore do not have jurisdiction to consider Plaintiff's argument regarding the district court's denial of his second motion for reconsideration.

Turning then to Plaintiff's argument only with respect to the first motion for reconsideration, we conclude the district court did not abuse its discretion in denying

Plaintiff's motion. After carefully reviewing the record, we have not identified a "complete absence of a reasonable basis" in the district court's denial, nor are we "certain that the . . . decision is wrong." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (internal quotations omitted) (alteration in original).

In Plaintiff's fifth and ninth arguments, he challenges the district court's denial of his motions for leave to file a third amended complaint, initially filed through counsel and then later filed pro se. We have thoroughly reviewed the record involving these motions and see no error in the district court's conclusions.

In his seventh argument, Plaintiff challenges the district court's refusal to address his claim he had been denied access to the courts. Construing Plaintiff's pleadings liberally, we consider this argument to be that the district court erred in denying his second motion for an extension of time to object to the reports and recommendations, which was based on Plaintiff's allegation that he had been denied access to the law library.[3] After a careful review of the record, we see no error in the district court's denial of Plaintiff's second motion for an extension of time. The district court had already

---

[3] Defendants additionally interpreted Plaintiff's argument as containing a challenge to the district court's adoption of the magistrate judge's various reports and recommendations dismissing most of the claims against the Defendants as well as a challenge to the district court's denial of his Rule 60 motions for reconsideration. However, even construing Plaintiff's pleadings liberally, we do not discern any challenge to the district court's dismissal orders—Plaintiff's second amended complaint did not contain a claim for denial of access to the courts and Plaintiff does not otherwise challenge the dismissal. To the extent Plaintiff's seventh argument encompasses a challenge to the district court's denial of his motion for reconsideration, we have addressed this issue in connection with Plaintiff's fourth argument.

granted Plaintiff an additional month to object to each of the magistrate judge's three reports and recommendations. During that one month extension, Plaintiff was able to file an objection to another of the magistrate judge's reports and recommendations, yet did not file any of the objections for which he sought an extension. Rather, on the day before his objections were due, Plaintiff filed his second motion for an extension of time, arguing he could not prepare the objections because the prison had been on lockdown and he therefore had not had access to the library since August 22, 2011. The district court did not abuse its discretion, *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (per curiam), in concluding that Plaintiff had "not set forth a sufficient basis to warrant an additional thirty day extension" (Doc. 225).

Finally, Plaintiff argues the district court erred in granting summary judgment to Defendants Moon and Rose. His argument appears to be based on the contention that the district court ignored evidence he presented that Defendants fabricated evidence to suppress material facts and commit fraud upon the court. As we previously discussed, we have found no indication of such conduct on the part of Defendants. Furthermore, the district court granted summary judgment for Defendants Moon and Rose on the narrow ground of Eleventh Amendment immunity, which Plaintiff does not contend was inappropriate. As with the district court's other orders, we see no error in this conclusion.

As set forth above, the district court's orders are **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge