**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERIC BROWN,

        Plaintiff - Appellant,

and

DIANA WEBSTER,

        Plaintiff,

v.

USA TRUCK, INC.; JIMMY WATKINS,

        Defendants - Appellees.

No. 13-6250
(D.C. No. 5:11-CV-00856-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Plaintiff Eric Brown, appearing in this court pro se, appeals from the district

court's order awarding him $58,172.82 in personal injury damages. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Brown and his long-time companion, Diana Webster, operated a trucking business called Crosswinds Trucking Company with their 2005 Freightliner Tractor. On August 28, 2009, defendant Jimmy Watkins backed his tractor-trailer into the front driver's side of Brown's parked tractor-trailer three times at low speed while attempting to park at a rest area in Oklahoma. At the time of the accident, Brown was asleep in the sleeping compartment at the rear of his truck's cab. He was awakened by the first impact and was injured by the repeated impacts.

In July 2011, through counsel, Brown filed the underlying negligence suit in state court against Watkins and Watkins' employer, USA Truck, Inc. Defendants removed the case to federal court. In August 2011, an amended complaint added Webster as a plaintiff, but she was dismissed without prejudice by stipulation of the parties in May 2012. Both defendants admitted that Watkins was acting in the scope of his employment at the time of the accident, and Watkins admitted that he was at fault. The only dispute was the amount of damages to be awarded to Brown for his personal injuries caused by the accident. Brown, who was forty-one years old at the time of the accident, claimed that he became totally disabled as a result of his injuries. Defendants disputed Brown's contentions that his asserted injuries resulted from the August 28, 2009, accident and that his asserted medical expenses were necessary.

At the parties' request, the issue of damages was tried without a jury. After a five-day bench trial, the court entered a forty-seven page "Findings of Fact, Conclusions of Law, and Judgment," which the court subsequently amended. Brown was awarded a total of $58,172.82 in damages and $16,500 in costs.

Brown filed his notice of appeal pro se, and the court granted his attorneys' motion for leave to withdraw from the case. The court denied Brown's two subsequent, basically identical post-judgment filings, which the court construed as a single motion to alter or amend the judgment. Brown attached to each of these filings documents from the Social Security Administration indicating that on January 31, 2013, it had determined that he became disabled on August 28, 2009, the date of the accident caused by Watkins. The district court concluded that this evidence was available long before the April 2013 trial and did not justify relief from the judgment.

## II

Because Brown appears in this court pro se, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). We "have tried to discern the kernel of the issues [Brown] wishes to present on appeal." de Silva v. Pitts, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).[1]

---

[1] Defendants ask us to dismiss the appeal due to Brown's failure to follow certain procedural rules in the preparation of his brief and supporting materials. Although "a pro se litigant . . . must follow the same rules of procedure that govern

(continued)

- 3 -

Brown argues that: (1) his former counsel improperly omitted evidence that the Social Security Administration determined in January 2013 that Brown became disabled from working on August 28, 2009; (2) his former counsel improperly agreed to the dismissal of Webster and her claim for business damages, and improperly failed to include a claim for business damages in his suit, in violation of professional standards; (3) his former counsel improperly submitted Crosswinds' tax returns for 2007-2010 to an economic expert, allowing the expert to understate Crosswinds' future earnings capacity if Brown had not been injured; (4) his former counsel improperly failed to allow him to view videos or have written transcripts of depositions that were not viewed in the courtroom, depriving him of the opportunity to point out discrepancies in those video depositions to his counsel; (5) his former counsel improperly failed to use the evidence that USA Truck paid to replace a part on his Freightliner that could not have been broken in a low-speed collision, in order to prove that Watkins' truck did not hit his truck at a low speed and that he was thrown violently when his truck was struck; (6) the district court erred in finding his neck and right shoulder injuries had resolved because evidence that he was referred to pain management and physical therapy did not prove that the injuries healed; and (7) his damages award could not be offset by insurance proceeds or Social Security disability benefits.

---

other litigants," Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), we do not need to resolve this appeal on procedural grounds.

Brown's first five arguments do not challenge the district court's findings and conclusions based on the evidence adduced at trial, but rather the alleged improper conduct by his former counsel. "The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal." Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006). "If a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." Id. As a result, Brown's first five issues are improperly raised in this appeal.

Brown next challenges the district court's finding that his neck and right shoulder pain resolved by early March 2010 on the grounds that "he reported essentially no pain or minimal pain" at that time, and "any shoulder and right arm pain currently experienced by Brown were not caused by the August 28 accident." We conclude that Brown failed to provide the necessary materials for our review of this issue.

"In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo." Keys Youth Servs., Inc. v. City of Olathe, 248 F.3d 1267, 1274 (10th Cir. 2001). We will reverse a finding of fact only "if it is without factual support in the record" or if, "after reviewing all the evidence," we are "left with a definite and firm conviction that a mistake has been made." Manning v. United States, 146 F.3d 808, 812 (10th Cir. 1998) (quotation omitted).

"On appeal, we view the evidence in the light most favorable to the district court's ruling and must uphold any district court finding that is permissible in light of the evidence." Exxon Corp. v. Gann, 21 F.3d 1002, 1005 (10th Cir. 1994) (citation omitted). "This court further gives due regard to the district court's opportunity to judge the credibility of witnesses." Manning, 146 F.3d at 813 (citing Fed. R. Civ. P. 52(a)).

Brown failed to file the relevant trial transcript or exhibits for our review. The burden was on Brown, as the appellant, to "provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.1(A)(1). When an appellant contests the sufficiency of the evidence, "the entire relevant trial transcript must be provided." Id. Because Brown failed to provide the relevant materials for his challenge to the sufficiency of the evidence supporting the district court's finding about his neck and right shoulder pain, his challenge necessarily fails. Cf. United States v. Brody, 705 F.3d 1277, 1280 (10th Cir. 2013) ("An appellant's failure to file a trial transcript precludes review of a conviction for sufficiency of the evidence. By failing to file a copy of the trial transcript as part of the record on appeal, the appellant waives any claims concerning the sufficiency of the evidence at trial." (quotation omitted)).

Finally, Brown argues that his damages award could not be offset by insurance proceeds or Social Security disability benefits. He points to no evidence that his damages award was offset by any such proceeds, however, and our review of the

district court's "Findings of Fact, Conclusions of Law, and Judgment," reflects that no offset was made. Brown's argument is therefore without merit.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge