**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARRELL FORTNER; JENNIFFER
FORTNER,

Plaintiffs - Appellants,

v.

KATHY YOUNG; DARREL PEARSON;
JAMES E. MCGANNON,

Defendants - Appellees.

No. 13-1394
(D.C. No. 1:06-CV-02148-BNB-MEH)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McHUGH**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Darrell and Jenniffer Fortner, appearing pro se, appeal from the district court's

final judgment, taking issue with various orders filed during the nearly seven-year

course of the case. We affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Our jurisdiction derives from 28 U.S.C. § 1291.

Except for two relatively brief periods of time in the district court, the Fortners litigated this case pro se. We afford their pro se filings a liberal construction, but we do not act as their advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Like many of their pro se district court pleadings, the Fortners' appellate arguments are prolix and lack cohesion, structure, and clarity. Issues mentioned but unaccompanied by "reasoned argument" do not merit appellate review. *Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992). Accordingly, we will address only those issues that are adequately presented, grouped by type of defendant: the City of Colorado Springs (City) and associated defendants; El Paso County, Colorado (County) and associated defendants; and the United States (Federal) and associated defendants.[2]

## I. City defendants

The Fortners complain about two sets of acts by City employees. First, as clarified in a final pretrial order, they claim that on seven occasions between 1997 and 2000, City foresters Darrel Pearson and James McGannon caused Mr. Fortner to be arrested in violation of his Fourth Amendment rights and, on one of those occasions, to be maliciously prosecuted in violation of Colorado law. The arrests

---

[2] Most of the parties the Fortners named as defendants were dismissed at early stages of the case. The Fortners did not name them in their notice of appeal, and they are not listed in the caption of this appeal and have not entered an appearance. But the Fortners raise a number of issues concerning them, and we are treating all orders and all defendants as the subject of this appeal. We will identify those parties when we discuss issues related to them.

occurred because Mr. Fortner was allegedly operating a tree service business without a license. A magistrate judge conducted a bench trial on those claims and found Pearson and McGannon to have credibly testified to not having been involved and the contrary testimony of Mr. Fortner and his three witnesses was not credible. Hence the magistrate concluded neither Pearson nor McGannon had sufficient personal participation in the arrests to render them liable under either 42 U.S.C. § 1983 or state law. The Fortners' appellate challenge to the credibility determination is based on pre-trial affidavits from them, two of their trial witnesses, and another affiant. But those affidavits concern alleged contact after the relevant period of 1997-2000. Moreover, the affidavits are irrelevant because the magistrate based his credibility findings on the witnesses' trial testimony. We affirm because the Fortners have not demonstrated clear error. *See* Fed. R. Civ. P. 52(a)(6) (stating a court's findings of fact after a bench trial "must not be set aside unless clearly erroneous"); *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985) ("When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings[.]").

The Fortners' second claim against a City defendant, Kathy Young, stemmed from a string of incidents that began in March 1997, when Young, then City Clerk, denied their application to renew a tree service business license for 1997. Mr. Fortner appealed to the City Council, seeking to have the decision reversed. At a Council meeting in May 1997, a motion to postpone the appeal due to the illness of

Mr. Fortner's attorney failed, and the Council voted to uphold the denial. The Fortners appealed from that decision to a state district court. The court remanded the matter to the City Council because its failure to postpone the appeal violated the Fortners' due process rights. The Council scheduled another hearing in May 1998 regarding the application for 1997. The Fortners again asked for the hearing to be postponed because, they claimed, Mr. Fortner was ill and Mrs. Fortner was out of state. The Council denied the request for postponement and again upheld the denial of the license renewal.

While the Fortners' appeal of the Council's May 1997 denial was pending before the state district court, Mr. Fortner applied for a tree service business license for 1998. Young denied that application in January 1998.

At trial, the magistrate found that although Young had initially denied the license application in 1997, the City Council upheld the denial at the May 1998 meeting and the constitutional issue was whether the Fortners' due process rights were violated by Council action taken in their absence. Since Young had no role in that decision she could not be held liable under 42 U.S.C. § 1983.

We affirm that decision because the Fortners have not shown the magistrate's findings were clearly erroneous. *See* Fed. R. Civ. P. 52(a)(6); *Anderson*, 470 U.S. at 575. Indeed, the Fortners develop no argument concerning Young's role in the Council's May 1998 decision. Instead, they claim the bench trial should have been about Young's denial of their license application for 1998, not the Council's decision

in May 1998 (upholding her denial of a license for 1997). Prior to the bench trial, they claim, the district court issued an order applying res judicata and holding the state court's remand to the City Council was a bar to their claims about the denial of their license for 1997. This contention is misguided. The magistrate issued a report and recommendation, which the district judge accepted, concluding that res judicata barred the Fortners' claim about "failing to renew the plaintiffs' tree service license in 1997." ECF No. 307 at 13.[3] A selective reading of the final pretrial order might suggest it construed the Fortners' claim against Young as her failure to renew "[their] tree service business license in 1998," Aplee. Supp. App., Vol. 2 at 70a. However, it goes on to clarify the issue as one concerning whether the City Council's May 1998 decision, which involved the application for 1997, violated the Fortners' due process rights. Furthermore, on several occasions during the trial, the magistrate corrected Mr. Fortner's view that Young's denial of the application for 1998 was at issue.

The Fortners also claim the district court erred in not granting their motion to amend the pretrial order, but they have not directed us to any such motion, nor have we been able to locate one. In any event, a pretrial order "measures the dimensions of the lawsuit, both in the trial court and on appeal," and "may be modified only to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (internal quotation marks omitted). The Fortners have not addressed

---

[3] Here and elsewhere we cite to the district court's ECF (Electronic Case Files) number when referring to a document that was not included in the record the district court provided or in the Appellees' Supplemental Appendix.

this standard in their appellate briefs, and we do not see any manifest injustice in the way the magistrate handled the issue to be tried. To the extent the Fortners blame the content of the final pretrial order on the attorney who was representing them at the time it was filed, those complaints are not the proper subject of this appeal. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial.").[4]

The Fortners also make much of the magistrate's denial of two motions to compel discovery. He denied the first motion as moot because the City defendants had sent their discovery responses to the Fortners by the deadline, and the Fortners had simply not received them prior to filing their motion. He denied the second motion to compel, which was contained in a motion in limine filed more than four years after the denial of the first motion to compel, because it was untimely. Our

---

[4] The Fortners also contend the district court erred in dismissing Young, Pearson, and McGannon in their official capacities, summarily arguing they had personally participated and violated clearly established laws. *See* Aplt. Opening Br. at 4-5. But whether those defendants personally participated or violated clearly established law is relevant only to individual-capacity claims and the qualified-immunity defense available for such claims. *See Brown v. Montoya*, 662 F.3d 1152, 1163-64 (10th Cir. 2011). Official-capacity claims are in effect claims "against the official's office," *id.* at 1163 n.8 (internal quotation marks omitted)—here, the City—and the district court dismissed the claims against the City for failure to state a claim of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Fortners have not adequately developed a challenge to that decision.

review is for abuse of discretion. *Norton v. City of Marietta, Okla.*, 432 F.3d 1145, 1156 (10th Cir. 2005). We see none.

The final issue regarding the City defendants meriting our consideration is whether the magistrate erred in denying the Fortners' motion to continue the bench trial, which was made one week before trial and was based on Mr. Fortner's alleged need for eye surgery the following day. The magistrate denied the motion because there was no evidence about the recovery period or whether Mr. Fortner would not be able to proceed with the trial, and because the magistrate had already postponed the trial once, pointedly saying "somebody was going to have to die" for the trial to be continued again. ECF No. 606 at 8. "We review [a] decision to deny a continuance for abuse of discretion and do not reverse unless we conclude that the denial was arbitrary or unreasonable and materially prejudiced the appellant." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (internal quotation marks omitted). We see nothing arbitrary or unreasonable here, and the Fortners have not demonstrated material prejudice.

## II. County defendants

The Fortners take issue with an order granting a motion to enforce a settlement agreement their attorney had negotiated with the County defendants.[5] They contend it was error to enforce the agreement because the County defendants had altered

---

[5] The County defendants were El Paso County; Terry Maketa, El Paso County Sheriff; and James Choate, Sergeant, El Paso County Sheriff's Office.

documents previously submitted to the court pertaining to Mr. Fortner's criminal history. They also claim the magistrate erred in concluding that Mr. Fortner represented Mrs. Fortner with respect to settlement. And they claim their attorney did not have settlement authority, committed misrepresentation, lied to them, and deceived them.

Our review is for abuse of discretion, *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013), and we see none. After a hearing on the motion, the magistrate found no competent evidence of the County defendants having induced the Fortners to enter into the settlement agreement by fraud or misrepresentation. He also found their attorney had actual authority to settle on the terms ultimately enforced and understood Mr. Fortner to have ultimate control of settlement decisions. Moreover, as the magistrate observed, Mrs. Fortner testified that if her husband "wanted to settle the case she would go along with whatever he wanted," and "Mr. Fortner ha[d] acted as the spokesperson for the plaintiffs at every proceeding in my courtroom." R., Vol. 1 at 177. The Fortners advance no convincing argument to the contrary. In any event, complaints of attorney misrepresentation, fraud, or lack of settlement authority, are not proper issues in this appeal. *See Nelson*, 446 F.3d at 1119. And because the settlement agreement released all of their claims against the County in this case, we need not address any of their arguments about other orders regarding the County defendants.

### III. Federal defendants

The Fortners' claims against the Federal defendants[6] stem from an incident in 2005 involving a search of their home, the seizure of a number of firearms, and the arrest of Mr. Fortner, all without a warrant. The Fortners alleged there was a lack of probable cause and the acts were part of a conspiracy with the City and County defendants to ruin the Fortners' tree business. The Fortners advanced claims of false arrest, false imprisonment, and illegal search and seizure. They also claimed that two of the Federal defendants provided false testimony in a civil forfeiture case concerning the seized firearms.

The district court dismissed the official capacity claims based on sovereign immunity, concluding the Fortners failed to meet their burden to establish a waiver of that immunity. In relevant part, the court pointed to the Federal Tort Claims Act (FTCA), which waives the sovereign immunity of the United States, but only in certain circumstances, *see* 28 U.S.C. § 2674. The Fortners failed to present tort claims to the appropriate federal agency, as the FTCA requires, *see id.* § 2401(b); therefore the court lacked jurisdiction due to their failure to exhaust administrative remedies, *see Pipkin v. United States Postal Serv.*, 951 F.2d 272, 273 (10th Cir. 1991).

---

[6] The Federal defendants were the United States; the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF); ATF agent Sarah Pelton; ATF agents Dog 1, Cat 2, and Horse 3 (fictitious names for three ATF agents); and Assistant United States Attorney James Russell.

On de novo review, *see id.*; *see also Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (sovereign immunity), we see no error in the analysis. The Fortners argue sovereign immunity was waived when the magistrate denied as moot their ex parte motion to waive the requirement of filing an administrative claim against the United States and directed the clerk of the court to initiate a civil action. This argument is untenable. First, they have provided no authority, nor are we aware of any, that a federal district court can waive sovereign immunity upon a request such as the one made here. Second, the magistrate accepted their motion, which was the first document they filed in the case, as sufficient to commence a civil action but deficient as a complaint because it was not on the proper form. He therefore directed the clerk to send them one of the court's form complaints, required them to cure the deficiencies, and denied the motion as moot. The Fortners never filed another such motion, and at no time did the magistrate purport to waive the Federal defendants' sovereign immunity.

The Fortners also take issue with the summary judgment entered in favor of Sarah Pelton, one of the Federal defendants, in her individual capacity on the grounds of qualified immunity. Ms. Pelton was one of the federal agents who carried out the warrantless search, seizure, and arrest, and, according to the Fortners, lied in the civil forfeiture case. Having reviewed the court's decision de novo, *see EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011), we affirm for substantially the same reasons stated in the magistrate's report and recommendation (ECF No. 272)

- 10 -

and the court's order adopting it (ECF No. 280). We add only that the Fortners provided no competent evidence that Mrs. Fortner's written consent to search the Fortners' house was involuntary. Contrary to their argument, the burden to show consent was involuntary rests on the plaintiff in a civil case. *See Valance v. Wisel*, 110 F.3d 1269, 1278-80 (7th Cir. 1997) (placing burden on civil plaintiff, in qualified-immunity context, to establish that a reasonable officer in the defendant's position could not have believed the consent was voluntary). The Fortners argue, as they did in the district court, that before signing the consent-to-search form, Mrs. Fortner, whose foot was in a cast, told Agent Pelton she had taken medication, drank some wine, and was feeling dizzy. In her affidavit, Mrs. Fortner did not state she had told Agent Pelton these things. But even if she had made the statements to Agent Pelton, without more they would be insufficient to establish a disputed factual question on the relevant issue: whether it would have been clear to a reasonable officer in Agent Pelton's position that she was impaired to the extent her consent was involuntary. Although Mrs. Fortner claimed at her deposition that she did not know what she was signing, nothing suggests a reasonable officer would have been aware of this. Finally, the Fortners claim Mrs. Fortner's consent was the product of coercion or duress because Mr. Fortner was in handcuffs and Agent Pelton threatened to take him to jail. But nothing in Mrs. Fortner's affidavit or deposition testimony links her consent to these facts.

## IV. Conclusion

The judgment of the district court is affirmed. The Fortners' motion to proceed in forma pauperis is granted.

Entered for the Court


Terrence L. O'Brien
Circuit Judge