CLD-026                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2047
_____

DAVID PETKO,
                            Appellant

v.

LIEUTENANT WILLIAM RADLE; GERALD GALINSKI;
JOHN MURAY; MICHAEL LORENZO; DAVID DIGUGLIELMO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-01172)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 6, 2014

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 3, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Petko, proceeding pro se and in forma pauperis, appeals from the District Court's orders granting summary judgment to the defendants on his retaliation and two due process claims. For the reasons set forth below, we will summarily affirm.

I.

In early 2009, authorities at the State Correctional Institute in Graterford, Pennsylvania, learned that then-inmate Petko wanted to kill the Clerk of the Eastern District of Pennsylvania and two Northampton County prosecutors. They also learned that Petko intended to sue one of the prosecutors. In response, defendant William Radle placed Petko in administrative custody, confiscated Petko's legal papers, and alerted the potential victims and outside law enforcement about the threats.

While still incarcerated, Petko filed this 42 U.S.C. § 1983 action pro se, alleging that the defendants' conduct throughout this period violated various constitutional rights. In an effort to find counsel for Petko, the District Court placed the case in suspense and referred it to a pro bono panel. After consulting with Petko, panel member Gregg Kanter agreed to take the case and filed a three-count amended complaint. Count one alleged that the defendants retaliated against Petko for seeking to sue the Northampton County District Attorney and for commencing this action. Count two alleged that the defendants violated Petko's due process rights by confiscating and retaining his legal papers without an opportunity to be heard and in a manner that violated grievance procedures. Count three alleged that the defendants violated Petko's due process rights by placing him in

administrative custody without an opportunity to be heard and in a manner that violated grievance procedures.

After discovery, the District Court granted summary judgment to the defendants on counts one and three. The defendants then moved for summary judgment on count two. At this point, Kanter and Petko reached an impasse. The District Court allowed Kanter to withdraw as counsel, and Petko opposed summary judgment on count two pro se. After considering Petko's opposition, the District Court granted summary judgment to the defendants on count two. Petko then timely appealed.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's orders granting summary judgment is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We will summarily affirm the District Court's grant of summary judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly granted summary judgment to the defendants on count one. A prisoner alleging retaliation in violation of the First Amendment must show that

---

[1] Although Petko's April 22, 2014 notice of appeal was filed more than 30 days after the District Court's March 20, 2014 judgment, his notice was timely because the judgment was not set out in a separate document, and therefore he had an extra 150 days to file his notice of appeal. See Fed. R. Civ. P. 58(a), (c); Fed. R. App. P. 4(a)(1)(A); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223-24 (3d Cir. 2007).

3

(1) he engaged in constitutionally protected conduct; (2) an adverse action was taken against him by prison officials sufficient to deter him from exercising his constitutional rights; and (3) there is a causal link between the exercise of his constitutional rights and the adverse action taken against him. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Even if the plaintiff proves these elements, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334. The District Court found that the defendants' reasons for their actions, all of which centered on the need to respond to and manage Petko's alleged death threats, were related to legitimate penological interests. The defendants' reasons were grounded in the record and Petko failed to prove they were pretextual. Therefore, the District Court did not err in granting summary judgment to the defendants on count one.

Nor did the District Court err in holding for the defendants on count two. Although prison officials deprived Petko of his legal papers, Petko received due process because he had access to and took advantage of an adequate post-deprivation remedy—the Pennsylvania D.O.C.'s grievance procedure. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Monroe v. Beard, 536 F.3d 198, 209-10 (3d Cir. 2008) (holding that prison officials that confiscated inmate legal materials did not violate the Due Process Clause in part because Pennsylvania D.O.C.'s grievance procedure provided adequate post-deprivation remedy); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (holding that the "plaintiff had an adequate postdeprivation remedy in the

4

grievance program"). Further, the evidence showed that the grievance procedures were followed. Summary judgment for the defendants on count two was therefore appropriate.

As to count three, the District Court correctly held that the defendants did not violate Petko's due process rights by placing him in administrative custody from February 20, 2009, to July 2, 2009. Petko alleged that the defendants violated various D.O.C. policies, including the requirement that he be given a meaningful opportunity to be heard before extensive administrative custody. But "a state statute or regulation conferring a right is not alone enough to trigger due process. The state law must confer 'freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Petko offered no proof that the defendants violated such a state law or that his less than five months in administrative custody were otherwise atypical. See id. at 708-09 & n.3 (holding that 15 months in administrative custody in Pennsylvania prison without a hearing was not an atypical period of time). Petko's administrative custody did not violate due process.

Although not entirely clear, Petko seems to argue that the District Court erred because it appointed him counsel even though he was not proceeding in forma pauperis. Petko cites 28 U.S.C. § 1915(e)(1), which provides that courts "may request an attorney to represent any person unable to afford counsel." This argument has two flaws. First, the District Court did not request counsel pursuant to § 1915(e); rather, it referred the

5

case to a special pro bono program. Second, if Petko did not want counsel, he should have expressed this desire to the District Court and declined Kanter's offer to represent him. Petko took no such action. To the contrary, he sent a letter to the District Court asking to consult with an attorney, accepted Kanter's offer to represent him, and appears to have cooperated with Kanter until their irreconcilable disagreement about count two. To the extent Petko contends that Kanter provided ineffective assistance of counsel, that argument also fails because "[t]he remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice," not an appeal. Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980) (internal quotation marks omitted); see also Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial.").

## III.

There being no substantial question presented on appeal, we will summarily affirm. Petko's motion for appointment of counsel is denied as moot.