**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2118
_____

JEROME WASHINGTON,
                            Appellant

v.

MRS. PILLIA, Psychiatrist Doctor; WITTAWAT KASAYAPANAND; MRS.
PUSHKALAI PILLAI; MRS. INGRID GINDIN; TOM WOLF, Director/Commissioner
of the State of Pennsylvania Department of Correction; SUPERINTENDENT
GILMORE, Warden; MR. VALLEY, Doctor; MORRIS; DEPUTY SUPT.
DIALESANDRO; MRS. SHELLY MANKEY; MAJOR CARO; ZAKEN, Deputy of
Security; DREW; FINELY; C.O. LEWIS; PSYCHOLOGIST BURT; JOSEPH J.SILVA,
Medical Director; C.O. BARBIERI; MICHAEL BELL, Grievance Coordinator; C.O.
ADAMSON; C.O. GOULD; C.O. PRITTS; L.T. SCHAMP; SGT. KARFELT; JOHN
DOE, ETC. 1, 2, 3
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-01714)
Magistrate Judge:  Honorable Lisa P. Lenihan (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 28, 2020

Before: CHAGARES, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 6, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Pro se appellant Jerome Washington appeals the District Court's adverse judgment. For the reasons detailed below, we will affirm the District Court's judgment.

Washington is a prisoner at SCI-Greene. In his operative second amended complaint, he asserted dozens of prison-civil-rights claims against more than 20 defendants. The claims included, among other things, that the defendants used excessive force against him, sexually assaulted him, failed to give him meals, insulted him with virulent language, and failed to provide him with proper psychiatric and medical care. A Magistrate Judge, proceeding with the consent of the parties, dismissed many of the claims. See ECF No. 137. Counsel was appointed for Washington, the case proceeded to trial on three excessive-force claims, and a jury found in favor of the defendants on each claim. See ECF No. 215. Washington, now proceeding pro se, filed a motion for a new trial, see ECF No. 217, which the District Court denied, see ECF No. 226, and then a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. At the outset, we note that we will consider only those issues that Washington raised in his opening brief. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) ("[B]ecause they fail to develop [two] argument[s] in their opening brief, the Court holds that the [appellants] have forfeited these claims."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

2

We understand Washington to raise two claims, neither of which has merit. First, he argues that the District Court erred in refusing to direct the jurors that they should draw an adverse inference from the defendants' failure to produce a video of one of the alleged incidents of excessive force. The District Court observed that there was a dispute of fact about whether this video actually existed, and thus gave the jurors a permissive-adverse-inference instruction, telling them that "[i]f you find that the Defendants intentionally failed to provide the missing video recording from the camera overlooking the yard, then you may make the inference that the missing video was unfavorable to the Defendants." ECF No. 226 at 6. Particularly because Washington was unable to present any evidence to substantiate his claims about the existence of this video, we conclude that the District Court acted within its discretion in taking this approach. See GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 82–85 (3d Cir. 2019) (approving similar decision).[1]

Second, Washington challenges the jury's adverse verdict. Because Washington did not move for judgment as a matter of law before the jury began to deliberate, he has forfeited "the right to mount any post-trial attack on the sufficiency of the evidence." Greenleaf v. Garlock, Inc., 174 F.3d 352, 364 (3d Cir. 1999) (quoting Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991)). Washington did not, however, forfeit the right to move for a new trial on the ground that the verdict was against the weight of the evidence. See id. at 365. We review the District Court's denial of this request for

_____

[1] Washington also complains in his brief that the defendants withheld other videos, but he did not present these claims to the District Court, and we will not consider them for the first time on appeal. See Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994).

3

abuse of discretion. See id. "New trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Id. at 366 (alteration omitted (quoting Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991))).

Washington has not met this burdensome standard.[2] In his brief, he reiterates his own allegations about the incidents at issue. However, he does not even acknowledge, let alone rebut, the contrary testimony adduced at trial by the defendants. See generally ECF No. 226 at 5 (District Court's opinion noting that "[t]he jury in fact heard conflicting evidence as to many events, and duly made credibility assessments as to each witness, including Plaintiff"). The fact that Washington testified in support of his own claims "sheds no light on the credibility or weight the jury accorded such evidence," and the District Court therefore did not err in denying his request for a new trial. Jester v. Hutt, 937 F.3d 233, 239–40 (3d Cir. 2019).[3]

Accordingly, we will affirm the District Court's judgment.

---

[2] We note that Washington failed to include in the record a copy of the trial transcripts, which further undermines his efforts to challenge the verdict. See Fed. R. App. P. 10(b)(2); 3d Cir. L.A.R. 11.1; Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 101 (3d Cir. 2015).

[3] Throughout his brief, Washington also refers to criminal proceedings, but no criminal action is at issue here. Relatedly, Washington seems to claim that his appointed counsel performed ineffectively, but those complaints do not entitle him to any relief on appeal. See Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."); see also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).