**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DALE W. BIRCH,

    Plaintiff - Appellant,

v.

CITY OF ATCHISON, KANSAS;
ATCHISON KANSAS POLICE
DEPARTMENT; MICHAEL WILSON;
KURTIS PAGE; JOSH SINCLAIR;
ADAM BUSH; MATT STOUT; ALEX
MOORE,

    Defendants - Appellees.

No. 20-3117
(D.C. No. 2:19-CV-02156-JAR-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Plaintiff-Appellant Dale Birch, a state inmate appearing pro se, appeals from

the district court's dismissal of his civil rights action seeking damages. 42 U.S.C.

§ 1983; Birch v. City of Atchison, Kansas, et al., No. 19-cv-2156, 2020 WL 3034813

(D. Kan. June 5, 2020). Mr. Birch's claims arise from his arrest in January 2019 for

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

felony aggravated burglary. During the course of his arrest, Mr. Birch apparently resisted officers and sustained injuries, including bruises, scrapes, and scratches all over his body. Mr. Birch was subsequently convicted of interference with a law enforcement officer, battery against a law enforcement officer, attempted criminal trespass, criminal damage to property, possession of a controlled substance, and possession of drug paraphernalia. Mr. Birch states that he is appealing these convictions in Kansas state court.

Mr. Birch brought civil rights claims based on his interactions with officers during and immediately after his arrest. The district court construed Mr. Birch's complaint as alleging (1) Fourth Amendment excessive force claims, (2) Fourteenth Amendment malicious prosecution claims, (3) Fourth Amendment false arrest claims, (4) Fourteenth Amendment deliberate indifference claims, and (5) a number of tort claims under state law. Defendants moved for summary judgment and the district court granted the motion, dismissing Mr. Birch's federal claims with prejudice and his state law claims without prejudice. The district court determined that the Atchison Police Department was not amenable to suit under Kansas law, there was no genuine dispute of material fact as to Mr. Birch's § 1983 claims against the individual officers, there was no basis for municipal liability to support a claim against the City of Atchison, and declined to exercise supplemental jurisdiction over the state law claims. Birch, 2020 WL 3034813, at *13.

Mr. Birch raises two issues on appeal. First, he argues ineffective assistance of counsel in the proceedings below based on his inability to afford counsel and the

2

challenges of representing himself while incarcerated. Second, he argues that the district court erred in dismissing his claims on the basis that he was precluded under Heck v. Humphrey, 512 U.S. 477 (1994), from contesting facts supporting his state court convictions. Mr. Birch does not expressly challenge the other grounds for the district court's dismissal.

The Sixth Amendment right to effective assistance of counsel does not apply to civil litigation, such as Mr. Birch's civil rights claims. See MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988) (collecting cases); see also Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006). Accordingly, Mr. Birch's ineffective assistance claim lacks merit.

As to Mr. Birch's second claim, the district court noted that Mr. Birch does not clearly identify which individual officers he contends committed which constitutional violations. Birch, 2020 WL 3034813, at *6. A plaintiff alleging civil rights violations must "isolate the allegedly unconstitutional acts of each defendant" such that his allegations "provide adequate notice as to the nature of the claims against each" defendant. Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). Allegations that a plaintiff's "rights 'were violated' or that 'defendants,' as a collective or undifferentiated whole, were responsible for those violations" are insufficient to support § 1983 claims. Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013). Here, Mr. Birch claims that Atchison Police Officer Loroff punched him in the face, but Officer Loroff was not at the crime scene and was not named as a defendant in this case. Mr. Birch's complaint also names Police Chief Wilson and

3

Officers Bush and Moore as defendants, but he makes no allegation of physical contact between himself and any of those three defendants and does not mention Police Chief Wilson anywhere in his complaint or deposition. Accordingly, we affirm the district court's dismissal with prejudice of the excessive force claims against Defendants Bush and Moore and all individual claims against Defendant Wilson.

The district court noted that the undisputed facts show physical contact between Mr. Birch and Officers Sinclair, Page, and Stout. The facts also show that Officers Bush and Moore were involved in Mr. Birch's arrest. The district court determined that Mr. Birch was precluded from contesting the facts underlying his state court convictions in responding to defendants' motion for summary judgment. A § 1983 plaintiff seeking to recover damages for allegedly unconstitutional "actions whose unlawfulness would render [the plaintiff's] conviction or sentence invalid" must prove that the conviction or sentence has been reversed, expunged, or otherwise invalidated. Heck, 512 U.S. at 486–87. If the plaintiff's allegations "necessarily imply the invalidity of [a] conviction or sentence" that has not been invalidated, the claim must be dismissed. Id. at 487.

Mr. Birch's convictions preclude him from establishing a genuine issue of material fact as to his Fourth Amendment excessive force claims against Officers Sinclair, Page, and Stout, Fourteenth Amendment malicious prosecution claims, and Fourth Amendment false arrest claims. In dismissing these claims with prejudice after finding no constitutional violation, the district court relied upon Mr. Birch's

4

convictions as conclusively establishing various facts. However, claims dismissed under <u>Heck</u> should be dismissed without prejudice. <u>Fottler v. United States</u>, 73 F.3d 1064, 1065–66 (10th Cir. 1996). Accordingly, we remand to the district court to modify its judgment to reflect that these claims are dismissed without prejudice. In all other respects, the judgment is affirmed.

AFFIRMED in part and REMANDED in part. We GRANT Mr. Birch's motion to proceed IFP and remind him that he is responsible for making payments until the entire filing fee has been paid. All other pending motions are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge