**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2408
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

MR. GILMORE, Superintendent; C.O. J. JONES;
CITY OF PITTSBURGH; STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00342)
Magistrate Judge:  Honorable Lisa P. Lenihan (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2023

Before:  SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: February 16, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jerome Washington appeals after an adverse jury verdict in his prison-civil-rights action. For the reasons detailed below, we will affirm the District Court's judgment.

Washington alleged that Corrections Officer Jason Jones used excessive force in violation of the Eighth Amendment by tackling him to the ground after he did not comply with Jones's command to stand up and walk back to his cell from the day room. Washington claimed that this attack was unprovoked; Jones claimed that in addition to ignoring his instructions, Washington attempted to kick him. Washington sued Jones and Superintendent Robert Gilmore, who allegedly failed to properly supervise Jones.

The District Court appointed counsel for Washington, and the case proceeded to trial. At the close of Washington's case, Jones and Gilmore moved for judgment as a matter of law. The District Court granted the motion as to Gilmore and denied it as to Jones. Washington did not make a similar motion. The jury then returned a verdict in Jones's favor, concluding that he did not use excessive force against Washington. See ECF No. 172. Washington appealed.

We have jurisdiction under 28 U.S.C. § 1291, but the scope of this appeal is narrow. After Washington filed his notice of appeal, he also filed motions under Fed. R. Civ. P. 50(b) and 59, which the District Court denied. See ECF No. 188. However, because Washington did not file a new or amended notice of appeal to encompass that order, and the time to do so has now expired, we lack jurisdiction to review that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Manivannan v. U.S. Dep't of Energy, 42 F.4th 163, 169 n.1 (3d Cir. 2022). Further, because Washington did not file a Rule 50(a) motion

seeking judgment as a matter of law, he cannot now challenge the sufficiency of the evidence supporting the jury's verdict in favor of Jones. See Kars 4 Kids Inc. v. Am. Can!, 8 F.4th 209, 220 (3d Cir. 2021).

Washington has also narrowed the scope of this appeal by failing to develop arguments in his appellate brief. His opening brief largely does not acknowledge that a trial occurred or refer to any rulings of the District Court. He spends most of his brief reproducing a pretrial narrative statement and discovery requests that he says counsel should have filed. See Br. at 3–17. Washington has forfeited any arguments that he has not developed in his brief. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) ("[B]ecause they fail to develop [two] argument[s] in their opening brief, the Court holds that the [appellants] have forfeited these claims."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").[1]

The arguments that Washington has preserved plainly lack merit. He argues at some length that appointed counsel performed ineffectively by failing to call certain witnesses, present various evidence, and make additional arguments. However, as we have explained to Washington in a prior appeal, "[t]he general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." Washington v. Pillia, 832 F. App'x 795, 797 n.3 (3d Cir. 2021) (per curiam) (quoting Nelson v. Boeing

---

[1] This includes any challenge to the pretrial dismissal of defendants the Commonwealth of Pennsylvania and the City of Pittsburgh.

3

Co., 446 F.3d 1118, 1119 (10th Cir. 2006)); see also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).

Washington also argues that the video of the incident that was shown to the jury was "fixed"—i.e., edited to show the events in a light more favorable to Jones. However, as the District Court noted in denying this claim in its post-trial order, Washington did not present this argument at trial, which typically forfeits review. See Leonard v. Stemtech Int'l Inc., 834 F.3d 376, 400–01 (3d Cir. 2016). Moreover, in a pretrial statement, Washington's counsel stated that the video was authentic and admissible. See ECF No. 160 at 9. Washington has provided no compelling reason to doubt counsel's assessment.

Finally, Washington has not meaningfully challenged the District Court's grant of judgment to Gilmore. Even assuming he has not forfeited this argument, he has failed to show that the District Court erred in concluding that he had not presented evidence of Gilmore's personal involvement in the incident. See generally Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).[2]

We will therefore affirm the District Court's judgment.

---

[2] Washington failed to include in the record a copy of the trial transcripts, which further undermines his efforts to challenge this ruling. See Fed. R. App. P. 10(b)(2); 3d Cir. L.A.R. 11.1; Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 101 (3d Cir. 2015).