NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2309
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

SUPERINTENDENT MR. GILMORE; C.O. COMER;
CITY OF PITTSBURGH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00340)
Magistrate Judge:  Honorable Lisa P. Lenihan

_____

No. 22-2859
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

JOHN E. WETZEL, Overall Prison Official and Corrections of Pennsylvania;
SGT. WILLIAM CHESMER; GILMORE, Warden and Superintendent,
sued in their individual capacities and official capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-01209)
Magistrate Judge:  Honorable Lisa P. Lenihan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2023

Before:  SHWARTZ, BIBAS, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 6, 2023)
_____

OPINION*
_____

PER CURIAM

Pro se appellant Jerome Washington appeals after adverse jury verdicts in two prison-civil-rights actions.  For the reasons detailed below, we will affirm the District Court's judgments.

In 2018, Washington filed two related complaints.  In each complaint, he alleged that a correctional officer had violated his Eighth Amendment rights by using OC spray on him.  In W.D. Pa. Civ. No. 2:18-cv-00340, Correctional Officer Comer claimed that he discharged OC spray into Washington's cell after Washington had ignored multiple orders to stop engaging in self-harm (he was cutting himself).  In W.D. Pa. 2:18-cv-01209, Sergeant Chesmer claimed that he used OC spray because Washington had behaved aggressively toward him and tried to pull his hands out of their restraints.  The parties consented to proceed before a Magistrate Judge, who appointed counsel to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

represent Washington. Each case proceeded to trial. Counsel represented Washington in No. 2:18-cv-00340, while Washington elected to proceed pro se in No. 2:18-cv-01209. In both cases, the jury found in favor of the defendant, concluding that the defendant did not use excessive force against Washington (and in No. 2:18-cv-00340, that the defendant was not deliberately indifferent to Washington's medical needs). Washington appealed in each action, and we consolidated the two cases.

We have jurisdiction under 28 U.S.C. § 1291. However, because of the way Washington has litigated these cases, there is little for us to review. In both actions, Washington filed motions under Fed. R. Civ. P. 50(b) and 59, which the District Court denied. See No. 2:18-cv-00340, ECF No. 192; No. 2:18-cv-01209, ECF No. 246. Washington filed his notices of appeal before the District Court ruled on those motions; because he did not file a new or amended notice of appeal to encompass those orders, and the time to do so has now expired, we lack jurisdiction to review them. See Fed. R. App. P. 4(a)(4)(B)(ii); Manivannan v. U.S. Dep't of Energy, 42 F.4th 163, 169 n.1 (3d Cir. 2022). As a result, we cannot review a challenge to the sufficiency of the evidence. See generally Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 405 (2006) (explaining that a party "may not challenge the sufficiency of the evidence on appeal on the basis of the District Court's denial of its Rule 50(a) motion"); Dupree v. Younger, -- S. Ct. --, 2023 WL 3632755, at *4 (May 25, 2023).

Further, despite being repeatedly informed of his obligation to provide a copy of the trial transcripts, see Washington v. Gilmore, No. 22-2408, 2023 WL 2041612, at *2

3

n.2 (3d Cir. Feb. 16, 2023) (per curiam); Washington v. Pillia, 832 F. App'x 795, 797 n.2 (3d Cir. 2021) (per curiam), Washington has failed to do so (or to move for the production of transcripts at government expense, see 28 U.S.C. § 753(f)), which prevents us from meaningfully reviewing any issues that arose during trial. See Fed. R. App. P. 10(b)(2); 3d Cir. L.A.R. 11.1; Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 101 (3d Cir. 2015).

Finally, Washington's briefs barely acknowledge that trials occurred and fail to meaningfully raise any claims of error. Rather, the briefs read like complaints, where Washington simply recounts his version of the events in question. (Indeed, he ends his brief in C.A. No. 22-2859 by asking the Court to grant the relief identified in "this complaint," Br. at 14.) And his claims of legal error are conclusory, undeveloped, and oftentimes unrelated to his cases (e.g., both briefs say, "the conviction was based entirely upon evidence the prosecutor knew was false," C.A. No. 22-2859, Br. at 11; C.A. No. 22-2309, Br. at 8). This type of presentation is not adequate to preserve an issue for appeal. See, e.g., In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) ("[B]ecause they fail to develop [two] argument[s] in their opening brief, the Court holds that the [appellants] have forfeited these claims."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Even construing Washington's briefs generously, we discern no meritorious claim. He criticizes counsel's performance at trial, see C.A. No. 22-2859, Br. at 4, but that does

4

not entitle him to any relief on appeal.  See Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."); see also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).  He also seems to contend that the defendants did not produce complete videos of the incidents, see C.A. No. 22-2859, Br. at 14, but the District Court noted that all issues concerning video footage had "been resolved prior to trial" and that the jury was shown extensive video footage, ECF No. 246 at 8, and Washington has not identified any prejudicial error.  Washington also objects to a jury instruction in which the Court apparently told the jurors that a violation of prison policy is not, in itself, a constitutional violation.  That statement of law is accurate, see Steele v. Cicchi, 855 F.3d 494, 508–09 (3d Cir. 2017); Est. of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017), and, since Washington has not produced the trial transcripts, we are unable to evaluate the precise language of the instruction.

Accordingly, Washington has presented no basis to upset the decisions of the District Court, and we will affirm the Court's judgments.[1]

---

[1] After filing his brief in C.A. No. 22-2858, Washington filed a motion for appointment of counsel.  Because he has not shown that his appeal has arguable merit, the motion is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).